

UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. B-03-108 |
| GE REINSURANCE CORPORATION ("GE") AND SPENCER TUCKER, ("TUCKER") | § § § § § | |
| Defendants. | § | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff's motion to remand states no basis to challenge the Court's exercise of diversity jurisdiction. GE Reinsurance is not a Texas citizen for diversity purposes. A corporation is deemed to be a citizen of any state in which it has been incorporated and of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). It is uncontested that GE Reinsurance is both incorporated and maintains its principal place of business in Illinois.

Plaintiff's attempt to defeat diversity in this matter by the fraudulent joinder of Spencer Tucker should be disregarded by the Court, as Plaintiff has no possibility of establishing a cause of action against Tucker. Moreover, Tucker has still not been served with notice of this suit, which was filed on May 2, 2003. Because GE Reinsurance is a citizen of Illinois and Tucker's citizenship should be disregarded, complete diversity exists and removal is proper.

## I. THERE IS COMPLETE DIVERSITY OF THE PARTIES.

### A. GE Reinsurance Is Not a Citizen of Texas.

The criteria for determining GE Reinsurance's citizenship for the purposes of diversity are articulated under United States Code section 1332(c)(1). Under that section, a corporation qualifies as a citizen "of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Even the most complex corporations that transact business in numerous locations only have one principal place of business under section 1332(c)(1). *See J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987). Courts ascertain this location by applying the "total activity" test promulgated by the Fifth Circuit. *Id.* The "total activity" test incorporates both the "nerve center" test and the "place of activity" test. *Id.* Under the "nerve center" test, the state in which the corporation has its nerve center, or "brain," constitutes the principal place of business. *See Tubbs v. Southwestern Bell Telephone Co.*, 846 F.Supp. 551, 553 (S.D. Tex. 1994)(citing *J.A. Olson Co.*, 818 F.2d at 404). Under the "place of activity" test, the state where the corporation carries out its operations qualifies as its principal place of business. *Id.* "Although the two tests seemingly conflict, they are actually harmonious because they are applied to different factual situations, dependent upon the organization of the business entity under consideration." *Id.*

Here, GE Reinsurance has clearly carried its burden in establishing its citizenship. An affidavit from David Brodnan, Vice-President and Assistant Secretary of GE Reinsurance, shows that GE Reinsurance has been incorporated in Illinois since 1969.[1] See Exhibit A, Affidavit of David Brodnan. Furthermore, GE Reinsurance's principal place of business is in Barrington, Illinois, as that is the site from which the company carries out its daily operations. *Id.* Because

---

[1] Actually, GE Reinsurance's predecessor-in-interest, Kemperco Reinsurance, was incorporated in Illinois in 1969. Although Kemper Reinsurance was renamed as GE Reinsurance in 1999, Illinois remains the state of incorporation for GE Reinsurance as the successor-in-interest to Kemper Reinsurance. *See* Exhibit A.

Plaintiff does not controvert his evidence, GE Reinsurance's citizenship is undisputed and established for the purposes of determining jurisdiction in this Court.

**B. Spencer Tucker Was Fraudulently Joined in this Action and His Presence in this Suit Must Be Disregarded When Determining Diversity of Citizenship.**

Fraudulent joinder is established by showing either (1) there was an actual fraud in the plaintiff's pleading of the jurisdictional facts *or* (2) the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)(citations omitted)(emphasis added); *see also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). A fraudulent joinder determination hinges on an analysis of the causes of action alleged in Plaintiff's complaint at the time of removal. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116-17 (5th Cir. 1979). If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes. *See French v. State Farm Ins. Co.*, 156 F.R.D. 159, 161 (S.D. Tex. 1994).

When considering whether a non-diverse defendant has been solely to defeat diversity jurisdiction, the court should "pierce the pleadings" and "consider summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farms Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Under this standard, a plaintiff "may not rest upon the mere allegations or denials of its pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). Further, the conclusory or generic allegations of a non-diverse defendant's alleged wrongful conduct are insufficient to defeat an assertion of fraudulent joinder. *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000). Therefore, removal will not be precluded merely because Plaintiff's complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See Id.* Rather, removal is proper "if the plaintiff's pleading is

pierced and shown that *as a matter of law* there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.* at 390.

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, but only when an actual controversy exists—that is, when both parties have submitted evidence of contradictory facts. *Id.* at 393-94; *Dodson*, 951 F.2d at 42. A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* at 393-94 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is no reasonable basis for predicting that the state law might impose liability on the defendant under the facts alleged, there is fraudulent joinder, and the defendant's presence must be disregarded by the court in determining the existence of diversity jurisdiction and assessing the propriety of removal. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990).

    **1.**    **There Is No Reasonable Basis For Imposing Liability on Spencer Tucker; Therefore the Court, Therefore, Should Exclude Him When Determining Diversity of Citizenship.**

    **a.**    **Plaintiff Fails to State a Claim Against Tucker.**

At most, this suit is a breach of contract dispute between GE Reinsurance and Plaintiff. Plaintiff essentially seeks damages from GE Reinsurance because it cancelled the reinsurance agreements that form the basis of the parties' relationship. Curiously, Plaintiff does not lodge any type of breach of contract claim against GE Reinsurance. Instead, Plaintiff alleges GE Reinsurance made various false promises and misrepresentations regarding the reinsurance program, wrongfully "pulled the plug" on the programs and then engaged in a campaign to

defame and disparage Plaintiff's business. In accordance with those factual allegations, Plaintiff asserts claims of fraud, negligent misrepresentation, breach of good faith and fair dealing, defamation, business disparagement, and violations of the Texas Insurance Code.

Moreover, in a transparent attempt to avoid federal court jurisdiction, Plaintiff asserts the same extra-contractual claims against Spencer Tucker. The Fifth Circuit confronted similar circumstances in *Griggs* and found that removal was appropriate based on fraudulent joinder. *Griggs*, 181 F.3d at 702. Griggs brought suit against State Farm for its failure to pay insurance benefits under a homeowner's insurance policy. *See Id.* at 698. Griggs joined his State Farm agent, Blum, based on allegations that Blum made actionable misrepresentations in violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *See Id.* at 699, 700, 701. Griggs argued that the mere possibility that a claim can be stated against insurance agents required the conclusion that he in fact stated a valid claim against Blum. *Id.* at 701. The Fifth Circuit disagreed, stating that "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id.* (citing *Burden v. General Dynamics, Corp.*, 60 F.3d 213, 218-221 (5th Cir. 1995)(emphasis added); *City of Alamo v. Casas*, 960 S.W.2d 240, 251-52 (Tex. App.— Corpus Christi 1997, writ denied)). Using this principal, the Fifth Circuit analyzed the specific factual allegations against Blum and ultimately found there were no factual bases for the causes of action alleged in the petition. *Id.* at 702.

By the same rationale relied on in *Griggs*, Plaintiff's Original Petition is devoid of specific factual allegations against Tucker and provides no basis in law or fact upon which Plaintiff can state a valid state law cause of action against Tucker. Plaintiff alleges in a conclusory fashion that "Defendants" engaged in various fraudulent acts. However, the specific

facts alleged in the petition are at best conclusory, make no reference to actions taken by Tucker, and simply do not support any cause of action against him.

Specifically, Plaintiff fails to allege a single misrepresentation or actionable statement made by Tucker. Plaintiff's petition contends that GE Reinsurance agreed to provide reinsurance for some of its insurance products, and it made various promises and representations to Plaintiff regarding the reinsurance program. Plaintiff claims GE Reinsurance promised that it "would continue on [Plaintiff's] book of business at renewal in March 1, 2001," but contrary to those assurances GE Reinsurance "pulled the plug" and refused to continue providing reinsurance. *See Plaintiff's Original Petition and Application for Injunctive Relief,* ¶¶ 9, 10. There are no facts in the petition to support the contention that Tucker made any of these alleged promises. Similarly, Plaintiff does not specify how Tucker violated any section of the Texas Insurance Code or how Tucker's acts or omissions were a producing cause of damages recoverable under the Texas Insurance Code.

Clearly then, Plaintiff's Original Petition demonstrates there is no connection between the facts alleged by Plaintiff and its assertions of fraud, negligent misrepresentation, and violations of the Texas Insurance Code against Tucker. Tucker is a former GE Reinsurance representative whose only connection with Plaintiff or the transactions giving rise to this suit consisted of performing routine administrative communications with the two insurance companies on whose paper Plaintiff's policies were issued. Plaintiff's Original Petition provides no more information to illuminate Tucker's alleged role in this contractual dispute or to support a cause of action against Tucker for fraud, negligent misrepresentation, or violations of the Texas Insurance Code. GE Reinsurance is simply left guessing as to the factual bases of these unfounded allegations.

As for the defamation and business disparagement claims, the only reference in Plaintiff's entire petition is the paragraph describing GE Reinsurance's alleged campaign to defame and disparage Plaintiff's business. This paragraph, however, fails to reveal how, when, or where Tucker allegedly committed these acts, allegedly communicated, or allegedly published the actionable statements. There are simply no facts provided in Plaintiff's petition to connect Tucker with the alleged wrongdoing except for the conclusory allegations that he is somehow responsible for the prohibited conduct. These generic allegations of Tucker's wrongdoing are insufficient to overcome the evidence that Tucker was fraudulently joined to defeat diversity. *See Badon*, 224 F.3d at 392-93.

Furthermore, Plaintiff's motion to remand fails to shed light on this puzzle. Given another opportunity to enlighten the Court on Tucker's alleged wrongdoing, Plaintiff again made no attempt to elucidate its allegations against Tucker or provide more specific facts to support its causes of action against him. Plaintiff merely states that removal is improper because Tucker was acting as an agent for GE Reinsurance. However, this blanket statement does nothing to save the conclusory allegations set forth in Plaintiff's petition.

### 2.   Plaintiff's Claims Fail Because They are Barred by the Statue of Limitations.

Even if Plaintiff alleged the necessary facts to support its negligent misrepresentation, defamation, business disparagement, or Texas Insurance Code claims against Tucker, there is no possibility that it will succeed with these claims because they are barred under Texas law. In Texas, a claim for negligent misrepresentation or business disparagement must be brought within two years of the date the cause of action accrued. TEX. CIV. PRAC. REM. CODE § 16.003(a) (Vernon 2002); *HECI Exploration Co. v Neel,* 982 S.W.2d 881, 885 (Tex. 1998) (stating that a two-year statute of limitations bars a claim for negligent misrepresentation). Similarly, any

claim brought under the Texas Insurance Code must be filed within two years of the date the allegedly unfair act or practice occurred. TEX. INS. CODE ANN. article 21.21, § 16(d) (Vernon Supp. 2002). A claim for defamation has a one-year statute of limitations period. TEX. CIV. PRAC. REM. CODE §16.002 (Vernon 2002).

GE Reinsurance terminated the two reinsurance contracts in question on February 29, 2001 and April 30, 2001, respectively. Plaintiff filed suit until May 2, 2003, more than two years after the contracts were terminated. Based on the skeletal facts asserted in Plaintiff's petition, it appears that all of Plaintiff's complaints arise from the cancellation of the two reinsurance contracts. If follows, therefore, that any possible claim of negligent misrepresentation, defamation, business disparagement, or violations of the Texas Insurance Code arose in February and March 2001 and are now barred. There is simply no possibility of recovery against Tucker on these claims.

In sum, Plaintiff has no cognizable fraud, negligent misrepresentation, defamation, business disparagement, or Texas Insurance Code claims against Tucker. Plaintiff has simply failed to set forth specific facts on the alleged conduct taken by Tucker that are actionable. Moreover, even if Plaintiff had provided the necessary facts to support its allegations, Plaintiff's claims of negligent misrepresentation, defamation, business disparagement, and violations of the Texas Insurance Code should be dismissed because they are barred by the statute of limitations. Accordingly, this Court should disregard Tucker when assessing whether it has diversity jurisdiction in this suit.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

To invoke diversity jurisdiction, plaintiff must allege facts to show the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A case

satisfies the test for the amount in controversy if the complaint makes a good-faith claim for the amount. *Kopp v. Kopp,* 280 F.3d 883, 884 (8th Cir. 2002). In the case at bar, Plaintiff alleges actual damages of $2 million and seeks to recover exemplary damages, treble damages, and statutory penalties. *See Plaintiff's Original Petition and Application for Injunctive Relief,* ¶ 18. This amount in controversy clearly exceeds the $75,000 requirement. Significantly, Plaintiff does not controvert that the amount it alleged exceeds the statutory minimum. Therefore, there is no dispute that GE Reinsurance has met the amount in controversy requirement to establish that diversity jurisdiction can be exercised in this matter. *See St. Paul Reinsurance Co., Ltd v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999) (in determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages"); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.,* 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999); *Chittick v. Farmers Ins. Exch.,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994). In sum, because the amount in controversy requirement has been established, this court can exercise diversity jurisdiction in this case.

## CONCLUSION

Because GE Reinsurance is a citizen of Illinois, Tucker's citizenship should be disregarded, and the minimum jurisdictional amount has been met, this Court can exercise diversity jurisdiction in this case. GE Reinsurance, therefore, respectfully requests that Plaintiff's motion to remand be denied.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

*[signature]*
Attorney in Charge:
RICK H. ROSENBLUM
State Bar No. 17276100
S.D. Tex. Bar No. 13015
ROBERTA SHARP
State Bar No. 00788400
S.D. Tex. Bar No. 17556
NADA L. ISMAIL
State Bar No. 24036825
S.D. Tex. Bar No. 34907

ATTORNEYS FOR DEFENDANTS
GE REINSURANCE AND SPENCER
TUCKER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the counsel of record by *certified mail, return receipt requested*, on July 28, 2003:

Christopher Lee Phillippe
307-3 McFadden Drive
Brownsville, Texas 78521

*[signature]*
NADA L. ISMAIL

# EXHIBIT A
# AFFIDAVIT OF DAVID BRODNAN

UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-108 |
| GE REINSURANCE CORPORATION ("GE") AND SPENCER TUCKER, ("TUCKER") | § § § § § | |
| Defendants. | § | |

AFFIDAVIT OF DAVID BRODNAN

THE STATE OF ILLINOIS §
§
COUNTY OF LAKE §

BEFORE ME, the undersigned authority, personally appeared David Brodnan, who being by me duly sworn, deposed and said:

1. My name is David Brodnan, I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

2. I am the Vice President & Assistant Secretary of GE Reinsurance Corporation ("GE Re") and as such I have personal knowledge of the facts set forth in this Affidavit.

3. GE Reinsurance Corporation's principal place of business is in Barrington, Illinois, as that is the site from which GE Reinsurance carries out its daily operations.

4. GE Reinsurance was originally incorporated in 1969 under the name of Kemperco Reinsurance Company under Illinois insurance laws.

5. Kemperco Reinsurance Company changed its name to Kemper Reinsurance Company in 1974.

6. Kemper Reinsurance Company then changed its name to GE Reinsurance Corporation effective February 1999.

Further affiant sayeth not.

_____
David Brodnan

SUBSCRIBED AND SWORN TO BEFORE ME on the 29 day of July 2003, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Illinois

OFFICIAL SEAL
LINDA J HICKS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 02-24-07