UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., § § § Plaintiff, § § v. § § GE REINSURANCE CORPORATION ("GE") AND SPENCER TUCKER, ("TUCKER") § § § § Defendants. § | CIVIL ACTION NO. B-03-108 |

**DEFENDANT'S PROPOSED CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

   Plaintiff's counsel filed a Motion to Withdraw and Motion for Additional Time to File the Joint Case Management Plan, which are still pending in the case. In light of these motions, Plaintiff's counsel has not been in a position to confer with Defendant on the subject matter mandated by Rule 26.

   Defendant now files this Proposed Case Management Plan in order to comply with the Court's order of June 9, 2003. Defendant intends to contact Plaintiff as soon as practicable following Plaintiff's retention of new counsel (or notice of decision to proceed pro se) and will work with Plaintiff to file a supplement to this Plan after conferring.

2. **List the cases related to this one that are pending in any state or federal court, with the case, the number, and the court.**

   None at this time.

3. **Briefly describe what this case is about.**

   This case arises out of four intertwined written contracts. Under these contracts, GE Reinsurance underwrote the risk on insurance policies issued by non-parties State

1

National Insurance Company and State and County Mutual Fire Insurance Company and sold by International Underwriters General Agency ("IUGA"). On or about March, 2001, GE Reinsurance made the decision not to renew these contracts. Plaintiff alleges GE Reinsurance made promises and representations that it would continue to provide reinsurance for Plaintiff's market, and that Plaintiff made certain business decisions in reliance on those promises and representations.

Plaintiff's claims include fraud, negligent misrepresentation, a breach of the duty of good faith and fair dealing, defamation, business disparagement, and violations of the Texas Insurance Code.

4. **Specify the allegation of federal jurisdiction.**

   This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332(a). Although Defendant Spencer Tucker is a Texas citizen, he has not yet been served in this action, and his joinder as a party should be disregarded as a fraudulent joinder. Therefore, complete diversity of citizenship exists between the parties, as required by section 1332.

5. **Name the parties who disagree and the reasons.**

   Plaintiff disagrees with the removal action. Plaintiff argues that Defendant has an office, place of business or agency for transacting business in the State of Texas and that Spencer Tucker, a named defendant, is a resident of Texas. Plaintiff contends that because Spencer Tucker was acting as an agent for GE Reinsurance Corporation, he was not fraudulently joined in this action.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   Not applicable.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures have not been made by either party. Defendant plans on serving the initial disclosures following the parties' Rule 26 conference. Defendant agrees to

2

undertake exchange of documents as soon as possible and have the document exchange completed before any hearing in this cause.

**10. Describe the proposed agreed discovery plan, including:**

    a.    **Responses to all the matters raised in Rule 26(f).**

        Defendant was unable to confer with Counsel as required by Rule 26(f).

    b.    **When and to whom the plaintiff anticipates it may send interrogatories.**

        This cannot be determined at this time.

    c.    **When and to whom the defendant anticipates it may send interrogatories.**

        Defendant anticipates sending interrogatories to Plaintiff, International Underwriters General Agency.

    d.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

        Defendant has insufficient information at this time to identify any person with relevant knowledge.

    e.    **Of whom and by when the defendant anticipates taking oral depositions.**

        This cannot be determined at this time.

    f.    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.**

        This cannot be determined at this time.

    g.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

        This cannot be determined at this time.

    h.    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

        Defendant is presently unaware of any expert witness that it will need to depose but reserves the right to timely designate expert witnesses following Plaintiff's designation.

3

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Defendant anticipates the parties will enter into an agreed discovery plan as soon as Plaintiff is able to retain new counsel.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Discovery has not yet been initiated.

13. **State the date the planned discovery can reasonably be completed.**

    At this time, Defendant cannot estimate when discovery will be completed, as initial disclosures have not been made and Plaintiff's counsel is seeking to withdraw from the case. As soon as new counsel for Plaintiff has been retained, Defendant will confer with Plaintiff.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.**

    Defendant does not oppose mediation at an appropriate time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    At this time, Defendant has not been able to confer with Plaintiff about the merits of the case. Defendant is not opposed to mediation after preliminary discovery has taken place.

16. **From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The dispute in this case may be subject to the mandatory arbitration provisions in the contracts at issue. Mediation may also be an effective alternative dispute resolution tool in this case.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties have not agreed to trial before a magistrate at this time.

066099 0003 SAN ANTONIO 330724 v1

18. **State whether a jury demand has been made and if it was made on time.**

   Jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

   In the absence of initial disclosures, Defendant lacks sufficient information at this time to determine how long it will take to present evidence.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   Plaintiff's Motion to Remand.

21. **List other pending motions.**

   Not applicable.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the Court at the conference.**

   Plaintiff's counsel has filed a Motion to Withdraw from the case and a Motion for Additional Time to File the Joint Case Management Plan.

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

   On or about June 10, 2003, Plaintiff, International Underwriters General Agency, Inc. filed its Certificate of Interested Parties.

   On or about June 24, 2003, Defendant, GE Reinsurance Corporation, filed its Certificate of Interested Parties.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

   <u>ATTORNEYS FOR PLAINTIFF</u>
   Christopher Lee Phillippe
   307-3 McFadden Drive
   Brownsville, TX 78521
   956.544.6096 – Telephone
   956.982.1921 - Facsimile

066099.0003 SAN ANTONIO 330724 v1

ATTORNEYS FOR DEFENDANT GE REINSURANCE CORPORATION
Rick H. Rosenblum
State Bar No. 17276100
Southern District Bar. No.13015
Roberta J. Sharp
State Bar No. 00788400
Southern District Bar No. 17556
Nada L. Ismail
State Bar No. 24036825
Southern District Bar No. 34907
AKIN GUMP STRAUSS HAUER & FELD, LLP
Suite 1500
300 Convent Street
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 Fax

_____          _____
CHRISTOPHER LEE PHILLIPPE               Date
Counsel for Plaintiff
International Underwriters General Agency, Inc.

_____[signature]_____         ____8/14/03_____
NADA L. ISMAIL                          Date
Counsel for Defendant
GE Reinsurance Corporation

066099 0003 SAN ANTONIO 330724 v1

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD, LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: 210.281.7000
Telecopier: 210.224.2035

_____
Attorney in Charge:
ROBERTA J. SHARP
State Bar No. 00788400
S.D. Tex. Bar No. 17556
RICK H. ROSENBLUM
State Bar No. 17276100
S.D. Tex. Bar No. 13015
NADA L. ISMAIL
State Bar No. 24036825
S.D. Tex. Bar No. 34907

ATTORNEYS FOR DEFENDANT GE
REINSURANCE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record by *certified mail, return receipt requested*, on the 14th day of August, 2003:

Christopher Lee Phillippe
307-3 McFadden Drive
Brownsville, Texas 78521

_____
NADA L. ISMAIL

7