UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 07 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-108 |
| GE REINSURANCE CORPORATION ("GE") AND SPENCER TUCKER, ("TUCKER") | § § § § § | |
| Defendants. | § § | |

**DEFENDANT'S PROPOSED CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1.  **State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

    On November 6, 2003, the Court granted Plaintiff's second retained attorney his Motion to Withdraw.

    As of January 6, 2004, Defendant has not been informed of whether Plaintiff has retained new counsel.

    Because of IUGA's failure to retain counsel, Defendant has attempted to contact it directly in an effort to comply with its duties under the Federal Rules of Civil Procedure.

    However, Plaintiff has not returned Defendant's telephone calls or otherwise attempted to contact Defendant to confer on the matters required by Federal Rules of Civil Procedure 16 and 26 (f). Accordingly, Defendant has not been able to confer with Plaintiff. Therefore, Defendant submits this Proposed Joint Case Management Plan as required by the Court's Orders, dated August 18, 2003 and November 6, 2003, and the Federal Rules of Civil Procedure.

2.  **List the cases related to this one that are pending in any state or federal court, with the case, the number, and the court.**

    None at this time.

3. **Briefly describe what this case is about.**

   This case arises out of four intertwined written contracts. Under these contracts, GE Reinsurance underwrote the risk on insurance policies issued by non-parties State National Insurance Company and State and County Mutual Fire Insurance Company and sold by International Underwriters General Agency ("IUGA"). On or about March, 2001, GE Reinsurance made the decision not to renew these contracts. Plaintiff alleges GE Reinsurance made promises and representations that it would continue to provide reinsurance for Plaintiff's market and that Plaintiff made certain business decisions in reliance on those promises and representations.

   Plaintiff's claims include fraud, negligent misrepresentation, a breach of the duty of good faith and fair dealing, defamation, business disparagement, and violations of the Texas Insurance Code.

4. **Specify the allegation of federal jurisdiction.**

   This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332(a). Although Defendant Spencer Tucker is a Texas citizen, he has not yet been served in this action, and his joinder as a party should be disregarded as a fraudulent joinder. Therefore, complete diversity of citizenship exists between the parties, as required by section 1332.

5. **Name the parties who disagree and the reasons.**

   Plaintiff disagrees with the removal action. Plaintiff argues that Defendant has an office, place of business or agency for transacting business in the State of Texas and that Spencer Tucker, a named defendant, is a resident of Texas. Plaintiff contends that because Spencer Tucker was acting as an agent for GE Reinsurance Corporation, he was not fraudulently joined in this action.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   Not applicable.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures have not been made by either party. Defendant plans on serving Plaintiff with initial disclosures as soon as Plaintiff retained new counsel. Defendant agrees to undertake exchange of documents as soon as possible and have the document exchange completed before any hearing in this cause.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       Defendant was unable to confer with Plaintiff as required by Rule 26(f).

    b. **When and to whom the plaintiff anticipates it may send interrogatories.**

       This cannot be determined at this time.

    c. **When and to whom the defendant anticipates it may send interrogatories.**

       Defendant anticipates sending interrogatories to Plaintiff, International Underwriters General Agency.

    d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

       Defendant has insufficient information at this time to identify any person with relevant knowledge.

    e. **Of whom and by when the defendant anticipates taking oral depositions.**

       This cannot be determined at this time.

    f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.**

       This cannot be determined at this time.

    g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

       This cannot be determined at this time.

  h.  **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

    Defendant is presently unaware of any expert witness that it will need to depose but reserves the right to timely designate expert witnesses following Plaintiff's designations.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

  Defendant anticipates the parties will enter into an agreed discovery plan as soon as Plaintiff is able to retain new counsel.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

  Discovery has not yet been initiated.

13. **State the date the planned discovery can reasonably be completed.**

  At this time, Defendant cannot estimate when discovery will be completed, as initial disclosures have not been made and Plaintiff's counsel has withdrawn from the case. Further, Defendant has attempted to confer with Plaintiff directly, but Plaintiff has not attempted to return Defendant's calls.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.**

  Defendant does not oppose mediation at an appropriate time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

  At this time, Defendant has not been able to confer with Plaintiff about the merits of the case. Defendant is not opposed to mediation after preliminary discovery has taken place.

16. **From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

  The dispute in this case may be subject to the mandatory arbitration provisions in the contracts at issue. Mediation may also be an effective alternative dispute resolution tool in this case.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

  The parties have not agreed to trial before a magistrate at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    Jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    In the absence of initial disclosures, Defendant lacks sufficient information at this time to determine how long it will take to present evidence.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiff's Motion to Remand.

21. **List other pending motions.**

    Not applicable.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the Court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    On or about June 10, 2003, Plaintiff, International Underwriters General Agency, Inc. filed its Certificate of Interested Parties.

    On or about June 24, 2003, Defendant, GE Reinsurance Corporation, filed its Certificate of Interested Parties.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    <u>ATTORNEYS FOR PLAINTIFF INTERNATIONAL UNDERWRITERS GENERAL AGENCY</u>

    Plaintiff has not yet retained new counsel. Plaintiff's address is as follows:

    Alejandro Villarreal, President
    International Underwriters General Agency
    500 N. Expressway
    Brownsville, Texas 78521
    (956) 544-3003

ATTORNEYS FOR DEFENDANT GE REINSURANCE CORPORATION

Rick H. Rosenblum
State Bar No. 17276100
Southern District Bar. No.13015
Roberta J. Sharp
State Bar No. 00788400
Southern District Bar No. 17556
Nada L. Ismail
State Bar No. 24036825
Southern District Bar No. 34907
AKIN GUMP STRAUSS HAUER & FELD, LLP
Suite 1500
300 Convent Street
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 Fax

_____
NADA L. ISMAIL
Counsel for Defendant
GE Reinsurance Corporation

1/6/04
Date

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD, LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: 210.281.7000
Telecopier: 210.224.2035

_/s/ Nada Ismail_____
Attorney in Charge:
ROBERTA J. SHARP
State Bar No. 00788400
S.D. Tex. Bar No. 17556
RICK H. ROSENBLUM
State Bar No. 17276100
S.D. Tex. Bar No. 13015
NADA L. ISMAIL
State Bar No. 24036825
S.D. Tex. Bar No. 34907

ATTORNEYS FOR DEFENDANT GE
REINSURANCE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record by *certified mail, return receipt requested*, on the 6th day of January, 2004:

Mr. Alejandro Villarreal, President
International Underwriters General Agency
500 N. Expressway
Brownsville, Texas 78521

_/s/ Nada Ismail_____
NADA L. ISMAIL