UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. B-03-108 |
| § | |
| GE REINSURANCE CORPORATION ("GE") AND SPENCER TUCKER, ("TUCKER") § § § § | |
| Defendants. § | |

**DEFENDANT'S AMENDED PROPOSED CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE OBJECTING TO
PARAGRAPH 3 OF THE PREVIOUS "JOINT" CASE MANAGEMENT PLAN FILED
ON JANUARY 9, 2004**

1. **State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

   Nada Ismail, counsel for Defendant GE Reinsurance Corporation and Humberto Tijernia, counsel for International General Underwriters, originally conferred by telephone on January 9, 2004.

   Before the telephone conference, counsel for the Defendant sent a draft of the Joint Case Management Plan to Tijerina, in order to facilitate the conference (See Exhibit A for draft of Joint Case Management Plan and email sent to Plaintiff's Counsel).

   During that conference, the parties addressed each section of the proposed Joint Case Management Plan, at which time counsel for the Defendant noted the sections of the plan to which Tijerina stated he wanted to add or make changes. Because Tijerina needed to discuss the proposed scheduling dates with his co-counsel, he informed Defendant's counsel that he would send back the draft with the proposed changes.

   During the telephone conference, Tijerina did not inform Defendant's counsel that he disputed the brief description of the case as stated in paragraph 3. The description of the case under paragraph 3 originally sent to Tijerina stated as follows:

1

> This case arises out of four intertwined written contracts. Under these contracts, GE Reinsurance underwrote the risk on insurance policies issued by non-parties State National Insurance Company and State and County Mutual Fire Insurance Company and sold by International Underwriters General Agency ("IUGA"). On or about March, 2001, GE Reinsurance made the decision not to renew these contracts. Plaintiff alleges GE Reinsurance made promises and representations that it would continue to provide reinsurance for Plaintiff's market, and that Plaintiff made certain business decisions in reliance on those promises and representations.
>
> Plaintiff's claims include fraud, negligent misrepresentation, a breach of the duty of good faith and fair dealing, defamation, business disparagement, and violations of the Texas Insurance Code.

Tijerina's draft changed paragraph 3 to read as follows:

> This case arises out of four intertwined written contracts. Under these contracts, GE Reinsurance underwrote the risk on insurance policies issued by non-parties State National Insurance Company and State and County Mutual Fire Insurance Company and sold by International Underwriters General Agency ("IUGA"). **Between March and June, 2001,** GE Reinsurance made the decision not to renew these contracts. Plaintiff alleges **that on or about June 2001,** GE Reinsurance ceased interacting with Plaintiff in connection with the decision not to renew these contracts. Plaintiff further alleges GE Reinsurance made promises and representations that it would continue to provide reinsurance for Plaintiff's market and that Plaintiff made certain business decisions in reliance on those promises and representations.

That Joint Case Management Plan was filed on or about January 9, 2004.

Counsel for Defendant did not notice Plaintiff had made these significant changes until the Initial Pretrial Conference when Plaintiff's counsel, Trey Martinez, misrepresented to the Court that Defendant conceded that the statute of limitations for the causes of action against Spencer Tucker had not expired because it was between March 2001 and June 2001 (instead of in March 2001) that GE Reinsurance decided not to renew the line of insurance.

<u>Defendant disputes the facts as stated by Plaintiff.</u> Specifically, Defendant denies that the decision to renew the contracts occurred between March 2001 and June 2001. Further, Defendant denies Plaintiff's allegation that it ceased interacting with Plaintiff on or about June 2001.

Defendant now submits this Amended Proposed Joint Case Management Plan to clarify its position of the description of the case under paragraph 3.

066099.0003 5447511 v1 WEST

   Defendant does not object to the rest of the Joint Case Management Plan filed on or about January 9, 2004.

2. **List the cases related to this one that are pending in any state or federal court, with the case, the number, and the court.**

   None at this time.

3. **Briefly describe what this case is about.**

   **Defendant disputes Plaintiff's allegations under this paragraph and asserts the following description of the case:**

   This case arises out of four intertwined written contracts. Under these contracts, GE Reinsurance underwrote the risk on insurance policies issued by non-parties State National Insurance Company and State and County Mutual Fire Insurance Company and sold by International Underwriters General Agency ("IUGA"). On or about March, 2001, GE Reinsurance made the decision not to renew these contracts. Plaintiff alleges GE Reinsurance made promises and representations that it would continue to provide reinsurance for Plaintiff's market, and that Plaintiff made certain business decisions in reliance on those promises and representations.

   Plaintiff's claims include fraud, negligent misrepresentation, a breach of the duty of good faith and fair dealing, defamation, business disparagement, and violations of the Texas Insurance Code.

4. **Specify the allegation of federal jurisdiction.**

   This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332(a). Defendant alleges that although Spencer Tucker is a Texas citizen, he has not yet been served in this action, and his joinder as a party should be disregarded as a fraudulent joinder. Defendant contends, therefore, that complete diversity of citizenship exists between the parties, as required by section 1332.

   Plaintiff alleges that Spencer Tucker is an individual involved in the business of insurance under Texas Insurance Code Article 21.21, Section 2 and made representations regarding the business dealings between Plaintiff and Defendant, therefore, Spencer Tucker is liable for his actions.

5. **Name the parties who disagree and the reasons.**

   Plaintiff disagrees with the removal action. Plaintiff has alleged causes of action based on fraud, negligent misrepresentation, breach of duty of good faith and fair dealing, defamation, business disparagement and Texas Insurance Code violations. None of these are based on Federal Questions. Moreover, Plaintiff alleges there is not complete diversity among the parties since Defendant has an office, place of business or agency for

3

transacting business in the State of Texas and that Spencer Tucker, a named defendant, is a resident of Texas and an individual involved in the business of insurance under the Texas Insurance Code Article 21.21, Section 2. Plaintiff contends that because Spencer Tucker was acting as an agent, vice-principal, representative and employee of GE Reinsurance under the Texas Insurance Code Article 21.21, Section 2, who made representations regarding the business dealings between Plaintiff and Defendant, he was not fraudulently joined in this action.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   Not applicable.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial Disclosures have not been made by either party. The parties agree to serve Initial Disclosures by February 16, 2004.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       The parties have been able to confer and agree on a discovery schedule.

    b. **When and to whom the plaintiff anticipates it may send interrogatories.**

       Plaintiff will serve Defendant GE Reinsurance with Interrogatories, through its counsel of record and agrees to serve those by March 2, 2004.

    c. **When and to whom the defendant anticipates it may send interrogatories.**

       Defendant anticipates serving Interrogatories on Plaintiff, International Underwriters General Agency, through its counsel of record. Defendant agrees to serve Interrogatories by March 2, 2004.

066099.0003 5447511 v1 WEST

d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates completing depositions of fact witnesses by September 6, 2004.

e. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates deposing the officers of International Underwriters General Agency and any other individuals of the company who have knowledge relevant to the suit. Defendant anticipates completing these depositions by September 6, 2004.

f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff agrees to designate its experts and provide expert reports by September 15, 2004. Defendant agrees to designate its experts and provide expert reports by October 15, 2004.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

Plaintiff is not aware of any expert witnesses it will need to depose, but reserves the right to depose those witnesses once they are designated by Defendant. If Defendant designates witnesses by September 2004, Plaintiff anticipates completing those depositions by the end of November 2004.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

Defendant is presently unaware of any expert witness that it will need to depose and reserves the right to timely designate expert witnesses following Plaintiff's designations. Once Plaintiff designates experts in October, Defendants anticipate it will complete those depositions by the end of November 2004.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties have been able to agree on a discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Discovery has not yet been initiated.

066099.0003 5447511 v1 WEST

13. **State the date the planned discovery can reasonably be completed.**

    The parties believe they will be able to complete discovery by January 3, 2005.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.**

    The parties do not oppose mediation at an appropriate time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Because Plaintiff has just retained counsel, the parties have not been able to confer about the merits of the case. The parties agree to hold another conference to discuss these issues once Plaintiff's counsel has had time to review the file.

    Defendant is not opposed to mediation after preliminary discovery has taken place.

16. **From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Defendant argues that the dispute in this case is subject to the mandatory arbitration provisions in the contracts at issue. Both parties agree that mediation may also be an effective alternative dispute resolution tool in this case.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties have not agreed to trial before a magistrate at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    In the absence of initial discovery, the parties lack sufficient information at this time to determine how long it will take to present evidence at trial.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiff's Motion to Remand is ripe for ruling. However, because Plaintiff just retained new counsel, it would like to supplement Plaintiff's initial Motion to Remand prior to the

pre-trial conference. Plaintiff believes a supplementation is necessary in order to present a more accurate picture for the Court based on the law and facts.

21. **List other pending motions.**

   Not applicable.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the Court at the conference.**

   None at this time.

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

   On or about June 10, 2003, Plaintiff, International Underwriters General Agency, Inc. filed its Certificate of Interested Parties.

   On or about June 24, 2003, Defendant, GE Reinsurance Corporation, filed its Certificate of Interested Parties.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

   <u>ATTORNEYS FOR PLAINTIFF INTERNATIONAL UNDERWRITERS GENERAL AGENCY</u>

   Mr. David Patrick Willis III
   State Bar Number: 24039455
   Southern District Bar No.: 36365
   Mr. Humberto Tijerina III
   State Bar Number: 24028040
   BEGUM, TIJERINA & WILLIS, L.L.C.
   880 Ridgewood Street, Suite 3
   Brownsville, Texas 78520
   Ph. 956-982-1800
   Fax 956-982-8602

   Mr. Benigno (Trey) Martinez
   MARTINEZ, BARRERA Y MARTINEZ
   State Bar Number: 00797011
   1201 E. Van Buren
   Brownsville, Texas 78520
   Ph. 956-546-7159
   Fax 956-544-0602

## ATTORNEYS FOR DEFENDANT GE REINSURANCE CORPORATION

Rick H. Rosenblum
State Bar No. 17276100
Southern District Bar. No.13015
Roberta J. Sharp
State Bar No. 00788400
Southern District Bar No. 17556
Nada L. Ismail
State Bar No. 24036825
Southern District Bar No. 34907
AKIN GUMP STRAUSS HAUER & FELD, LLP
Suite 1500
300 Convent Street
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 Fax



Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD, LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: 210.281.7000
Telecopier: 210.224.2035

*[signature]* *on behalf of Roberta Sharp*

Attorney in Charge:
ROBERTA J. SHARP
State Bar No. 00788400
S.D. Tex. Bar No. 17556
RICK H. ROSENBLUM
State Bar No. 17276100
S.D. Tex. Bar No. 13015
NADA L. ISMAIL
State Bar No. 24036825
S.D. Tex. Bar No. 34907

ATTORNEYS FOR DEFENDANT GE
REINSURANCE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record by *certified mail, return receipt requested*, on the ____ day of January, 2004:

Mr. David Patrick Willis III
Mr. Humberto Tijerina III
Begum, Tijerina & Willis, L.L.C.
880 Ridgewood Street, Suite 3
Brownsville, Texas 78520

*[signature]*
NADA L. ISMAIL

9

066099.0003 5447511 v1 WEST

# EXHIBIT "A"

# Taha, Nada

| | |
|---|---|
| From: | Taha, Nada |
| Sent: | Friday, January 09, 2004 10:38 AM |
| To: | 'htijerin@bizrgv.rr.com' |
| Cc: | Nelson, Blanca |
| Subject: | IUGA Joint Case Management Plan |

Humberto,

Here is the last draft that I sent to the Court. I will call you in about 10 minutes.

Thanks,

Nada



WEST-#5432112-v
1-(IUGA)_Joint_...

1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-108 |
| GE REINSURANCE CORPORATION ("GE") AND SPENCER TUCKER, ("TUCKER") | § § § § § | |
| Defendants. | § § | |

**DEFENDANT'S PROPOSED CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

   On November 6, 2003, the Court granted Plaintiff's second retained attorney his Motion to Withdraw.

   As of January 6, 2004, Defendant has not been informed of whether Plaintiff has retained new counsel.

   Because of IUGA's failure to retain counsel, Defendant has attempted to contact it directly in an effort to comply with its duties under the Federal Rules of Civil Procedure.

   However, Plaintiff has not returned Defendant's telephone calls or otherwise attempted to contact Defendant to confer on the matters required by Federal Rules of Civil Procedure 16 and 26 (f). Accordingly, Defendant has not been able to confer with Plaintiff. Therefore, Defendant submits this Proposed Joint Case Management Plan as required by the Court's Orders, dated August 18, 2003 and November 6, 2003, and the Federal Rules of Civil Procedure.

2. **List the cases related to this one that are pending in any state or federal court, with the case, the number, and the court.**

   None at this time.

3. **Briefly describe what this case is about.**

   This case arises out of four intertwined written contracts. Under these contracts, GE Reinsurance underwrote the risk on insurance policies issued by non-parties State National Insurance Company and State and County Mutual Fire Insurance Company and sold by International Underwriters General Agency ("IUGA"). On or about March, 2001, GE Reinsurance made the decision not to renew these contracts. Plaintiff alleges GE Reinsurance made promises and representations that it would continue to provide reinsurance for Plaintiff's market and that Plaintiff made certain business decisions in reliance on those promises and representations.

   Plaintiff's claims include fraud, negligent misrepresentation, a breach of the duty of good faith and fair dealing, defamation, business disparagement, and violations of the Texas Insurance Code.

4. **Specify the allegation of federal jurisdiction.**

   This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332(a). Although Defendant Spencer Tucker is a Texas citizen, he has not yet been served in this action, and his joinder as a party should be disregarded as a fraudulent joinder. Therefore, complete diversity of citizenship exists between the parties, as required by section 1332.

5. **Name the parties who disagree and the reasons.**

   Plaintiff disagrees with the removal action. Plaintiff argues that Defendant has an office, place of business or agency for transacting business in the State of Texas and that Spencer Tucker, a named defendant, is a resident of Texas. Plaintiff contends that because Spencer Tucker was acting as an agent for GE Reinsurance Corporation, he was not fraudulently joined in this action.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   Not applicable.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures have not been made by either party. Defendant plans on serving Plaintiff with initial disclosures as soon as Plaintiff retained new counsel. Defendant agrees to undertake exchange of documents as soon as possible and have the document exchange completed before any hearing in this cause.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       Defendant was unable to confer with Plaintiff as required by Rule 26(f).

    b. **When and to whom the plaintiff anticipates it may send interrogatories.**

       This cannot be determined at this time.

    c. **When and to whom the defendant anticipates it may send interrogatories.**

       Defendant anticipates sending interrogatories to Plaintiff, International Underwriters General Agency.

    d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

       Defendant has insufficient information at this time to identify any person with relevant knowledge.

    e. **Of whom and by when the defendant anticipates taking oral depositions.**

       This cannot be determined at this time.

    f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.**

       This cannot be determined at this time.

    g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

       This cannot be determined at this time.

      **h.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

          Defendant is presently unaware of any expert witness that it will need to depose but reserves the right to timely designate expert witnesses following Plaintiff's designations.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

          Defendant anticipates the parties will enter into an agreed discovery plan as soon as Plaintiff is able to retain new counsel.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

          Discovery has not yet been initiated.

**13.**    **State the date the planned discovery can reasonably be completed.**

          At this time, Defendant cannot estimate when discovery will be completed, as initial disclosures have not been made and Plaintiff's counsel has withdrawn from the case. Further, Defendant has attempted to confer with Plaintiff directly, but Plaintiff has not attempted to return Defendant's calls.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.**

          Defendant does not oppose mediation at an appropriate time.

**15.**    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

          At this time, Defendant has not been able to confer with Plaintiff about the merits of the case. Defendant is not opposed to mediation after preliminary discovery has taken place.

**16.**    **From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

          The dispute in this case may be subject to the mandatory arbitration provisions in the contracts at issue. Mediation may also be an effective alternative dispute resolution tool in this case.

**17.**    **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

          The parties have not agreed to trial before a magistrate at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    Jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    In the absence of initial disclosures, Defendant lacks sufficient information at this time to determine how long it will take to present evidence.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiff's Motion to Remand.

21. **List other pending motions.**

    Not applicable.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the Court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    On or about June 10, 2003, Plaintiff, International Underwriters General Agency, Inc. filed its Certificate of Interested Parties.

    On or about June 24, 2003, Defendant, GE Reinsurance Corporation, filed its Certificate of Interested Parties.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    <u>ATTORNEYS FOR PLAINTIFF INTERNATIONAL UNDERWRITERS GENERAL AGENCY</u>

    Plaintiff has not yet retained new counsel. Plaintiff's address is as follows:

    Alejandro Villarreal, President
    International Underwriters General Agency
    500 N. Expressway
    Brownsville, Texas 78521
    (956) 544-3003

<u>ATTORNEYS FOR DEFENDANT GE REINSURANCE CORPORATION</u>

Rick H. Rosenblum
State Bar No. 17276100
Southern District Bar. No.13015
Roberta J. Sharp
State Bar No. 00788400
Southern District Bar No. 17556
Nada L. Ismail
State Bar No. 24036825
Southern District Bar No. 34907
AKIN GUMP STRAUSS HAUER & FELD, LLP
Suite 1500
300 Convent Street
San Antonio, Texas 78205
(210) 281-7000
(210) 224-2035 Fax

_____        _____
NADA L. ISMAIL                                          Date
Counsel for Defendant
GE Reinsurance Corporation

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD, LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: 210.281.7000
Telecopier: 210.224.2035

---

Attorney in Charge:
ROBERTA J. SHARP
State Bar No. 00788400
S.D. Tex. Bar No. 17556
RICK H. ROSENBLUM
State Bar No. 17276100
S.D. Tex. Bar No. 13015
NADA L. ISMAIL
State Bar No. 24036825
S.D. Tex. Bar No. 34907

ATTORNEYS FOR DEFENDANT GE
REINSURANCE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record by *certified mail, return receipt requested*, on the _____ day of January, 2004:

Mr. Alejandro Villarreal, President
International Underwriters General Agency
500 N. Expressway
Brownsville, Texas 78521

---

NADA L. ISMAIL