*3J*

United States District Court
Southern District of Texas
FILED

MAR 0 4 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS | § | |
| GENERAL AGENCY, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-108 |
| | § | |
| GE REINSURANCE CORPORATION | § | |
| ("GE") AND SPENCER TUCKER | § | |
| ("TUCKER") | § | |
|     Defendants. | § | |

## PLAINTIFF'S SECOND SUPPLEMENTAL OPPOSED MOTION FOR REMAND

## TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that Plaintiff, International Underwriters General

Agency, Inc. ("Plaintiff"), respectfully files this Second Supplemental Motion for

Remand seeking the United States District Court for the Southern District of Texas,

Brownsville Division, to remand the above referenced action and in support thereof

respectfully shows the Court as follows:

### Procedural History

On May 2, 2003, Plaintiff filed their Original Petition and Application for

Injunctive Relief ("Original Petition") in the matter entitled International Underwriters

General Agency v. GE Reinsurance Corporation and Spencer Tucker, in the 197th

Judicial District Court, Cameron County, Texas, Cause No. 2003-05-2265-C.  The

Original Petition was served on Defendant GE on May 9, 2003.  Service of process has

been attempted on defendant Spencer Tucker five times, the last on June 9, 2003.  *See*

*attached Exhibit "B," Declaration of Not Found (Due and Diligent Search)* forwarded

from former counsel Christopher Lee Phillippe's process server.

1

On June 6, 2003, defendants GE and Spencer Tucker ("Defendants") filed a Motion to Transfer Venue, Original Answer (Subject to Motion to Transfer Venue), and Plea in Abatement (Subject to Motion to Transfer Venue) in one instrument. On June 9, 2003, Defendants filed a Notice of Removal. On July 9, 2003, Plaintiff filed an Opposed Motion to Abstain and to Remand. On August 14, 2003, Court granted attorney Christopher Lee Phillippe's Motion for Withdrawal of Counsel. Current counsel was hired to represent Plaintiff for the Motion to Remand on January 2004.

On January 23, 2004, Plaintiff filed its First Supplemental Opposed Motion for Remand. On January 26, 2004, a pre-trial hearing was scheduled and the Motion to Remand was denied. Now, Plaintiff files this Second Supplemental Opposed Motion for Remand.

## A. Defendant's Basis for Fraudulent Joinder

Plaintiff's Original Petition alleges five causes of action against Defendants: fraud; negligent misrepresentation; breach of duty of good faith and fair dealing; defamation/business disparagement; and Texas Insurance Code Violations. *See Plaintiff's Original Petition and Application for Injunctive Relief.* Plaintiff and Spencer Tucker are Texas residents. GE is a resident of Illinois. Defendants claim Spencer Tucker has been fraudulently joined.

In support of its claim of fraudulent joinder, Defendants state that Spencer Tucker has not been served with process. *See Defendant's Opposition to Plaintiff's Motion to Remand.* Defendants also claim that three of Plaintiff's pleaded causes of action are barred by applicable statutes of limitations. *See Id.* Then, Defendants cite *Griggs, Cavallini, Badon,* and *Dodson* to demonstrate that there is no reasonable basis for

2

predicting that Plaintiff may establish liability on the claims pled against Spencer Tucker. *See Id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5Cir. 1999); *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 259 (Cir. 1995); *Badon v. R J R Nabisco Inc.*, 224 F.3d 382 (5th Cir. 2000); *Dodson v. Spilliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

Although Plaintiff agrees with Defendants' restatement of the applicable law, Plaintiff does not agree with Defendants' application of it to the instant facts. Moreover, two causes of action originally pleaded against Spencer Tucker are either unchallenged or not time barred, fraud and violations of Texas Insurance Code Art. 21.21 ("Art. 21.21"). Plaintiff will also demonstrate that Spencer Tucker has made an appearance in this suit.

**B. Spencer Tucker has Waived Service of Process**

On May 2, 2003, Plaintiff's Original Petition was filed. On June 6, 2003, a Motion to Transfer Venue, Original Answer and Plea in Abatement was filed by Akin Gump Strauss Hauer & Feld, L.L.P. for GE and Spencer Tucker. *See Defendant's Motion to Transfer Venue, Original Answer (Subject to Motion to Transfer Venue), and Plea in Abatement (Subject to Motion to Transfer Venue).* On June 9, 2003, Defendants filed a Notice of Removal. Therefore, Spencer Tucker made an appearance in the state proceeding, on June 3, 2003, that has the "same force and effect as if the citation had been duly issued and served as provided by law." TEX. R. CIV. PRO. 120.[1]

---

[1] A motion to quash under Civil Procedure 122 is the proper method to challenge defective jurisdictional allegations in the petition or defects in service of process or in the citation. *see Donald v. Agricultural Livestock Finance Corp.*, 495 S.W.2d 592, 595-596 (Tex. App.—Fort Worth 1973, no writ). Spencer Tucker has not timely filed a motion to quash. Even if his other state filings are equated to a motion to quash, the only relief available to a successfully objecting defendant is additional time to answer, not dismissal. T.R.C.P. 122; *see TM Productions, Inc. v. Blue Mountain B. Co.*, 623 S.W.2d 427, 430

## C. Plaintiff's Art. 21.21 and Fraud Causes of Action are Not Time Barred

Defendant states that Plaintiff's Art. 21.21 cause of action is time barred. *See Defendant's Opposition to Plaintiff's Motion to Remand.* Article. 21.21 violations have a two-year statute of limitations. TEX. INS. CODE ANN. Article 21.21, § 16(d)(Vernon Supp. 2002). Fraud actions have a four-year applicable statute of limitations. TEX. CIV. PRAC & REM CODE ANN. § 16.004(a)(4),(5) (West 1999); *see Williams v. Khalaf,* 802 S.W.2d 651 (Tex. 1980). The conduct made relevant by this suit occurred on or before June 2001. *See Defendant's Joint Case Management Plan* ¶ 3;[2] *see Affidavit of Daniel T. Hernandez.* Therefore, Plaintiff's original petition, filed May 2, 2003, is timely.

## D. Plaintiff's Original Petition Does Not Fraudulently Join Spencer Tucker

Citizenship for diversity jurisdiction purposes is fixed as of when the action is filed. *See generally Hensgens v. Deere & Co.,* 833 F.2d 1179, 1180-81 (5th Cir. 1987); *IMFC Professional Servs. v. Latin Amer. Home Health, Inc.,* 676 F.2d 152, 157 (5th Cir. 1982). Cases removed from state courts and tested for fraudulent joinder are reviewed under a summary judgment-like procedure. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir 1990). This procedure allows the court to "pierce the pleadings" and consider summary judgment-type evidence such as affidavits and deposition testimony. *Ford v. Elsbury,* 32 F.3d 931, 935 (5th Cir. 1994). The post-removal information a court

---

(Tex. App.—Dallas 1981, ref. n.r.e.).

[2] Defendant wrongfully misrepresented to the Court that Plaintiff did not inform Defendant that Plaintiff disputed the brief description of the case as stated in paragraph 3 of Defendant's Case Management Plain ("DCMP"). Plaintiff sent a redlined draft of the DCMP to Defendant and Defendant selected which changes to incorporate and which to leave out of the DCMP. Once Defendant revised the DCMP, it was mailed to Plaintiff for filing with the Court.

may consider is limited to summary judgment-type evidence that clarifies a legal theory alleged in the pre-removal petition. *Cavalini* at 263.

## E. Burden of Proof for Fraudulent Joinder

The party claiming fraudulent joinder bears the burden of proof. *Dodson v. Spilliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). This burden is heavy in that the party claiming fraudulent joinder "must prove that there is *no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 259 (5th Cir. 1995)(quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983, cert. denied)). Courts determining fraudulent joinder "evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff", *Green* at 205, and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Green* at 206. Here, common law fraud and Art. 21.21 are the relevant state laws to be examined for a possibility of recovery.

## F. Two Causes of Action Establishing a Possibility of Recovery

1. *There is a possibility that a fraud cause of action can be established in state court against Spencer Tucker, individually.*

In Texas, a fraud cause of action requires that: (1) a material representation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or the statement was made with reckless disregard of its truth; (4) the speaker made the representation with the intent that it should be acted on by the other party; (5) the other party acted in reliance on the representation; and (6) the party thereby suffered

injury. *See Stone v.Lawyers Title Ins.*, 554 S.W.2d 183 (Tex. 1977). *All persons* who

actually commit a fraud are liable for its consequences to those who rely on the

misrepresentations. *See R.O. McDonnell Development Company v. Schlueter*, 339

~~S.W.2d 701, 706 (Tex. App.—Forth Worth 1960, ref. n.r.e.); McFarling v. Lanham, 489~~

S.W.2d 435, 442-443 (Tex. App.—Beaumont 1972, no writ)(emphasis added). A

principal may be held liable for the fraudulent representations of an agent if an agency

relationship existed and the acts committed by the agent were within the scope of the

agent's authority. *Pasadena Associates v. Connor*, 460 S.W.2d 473, 479 (Tex. App. –

Houston [14th Dist.] 1970, ref. n.r.e.); *Short v. Mitchell*, 454 S.W.2d 285, 288 (Tex. App.

-- Waco 1970, ref. n.r.e.).

Standard and custom of the reinsurance industry authorizes reinsurers to tender

insurers a "provisional notification of cancellation" of their reinsurance agreement a few

months before the expiration of the current reinsurance agreement. *See Affidavit of*

*Daniel T. Hernandez.* This provisional notice of cancellation is issued to allow ample

time for both parties to either (i) re-negotiate a renewal or (ii) to enter into an agreement

with a new reinsurer. *Id.* After the issuance of the notices of cancellation, new

reinsurance agreements are customarily formulated at a yearly reinsurance industry

which GE would provide reinsurance service to Plaintiff. *Id.* On or about March 1, 1999, Plaintiff and Defendants began their business relationship with an executed written agreement. *Id.* In November 1999, Defendants sent a provisional notice of cancellation. *Id*

Soon after Plaintiff's receipt of this notice, Defendants orally agreed to renew the agreement for an additional year under the same terms and conditions. *See Affidavit of Daniel T. Hernandez.* Therefore, Plaintiff did not attend the annual NAII convention. *Id.* As planned, the new agreement went into effect on March 1, 2000. *Id.* The parties formalized their reinsurance agreement in writing, a few months later. *Id.* Then in November, GE issued the customary provisional notice of cancellation. *See Affidavit of Daniel T. Hernandez.*

After Plaintiff's receipt of the Novermber 2000 notice of cancellation, Spencer Tucker made various promises and representations to Plaintiff regarding renewal, reinsurance for non-resident programs, as well a fledgling non-standard program. *Id.* Plaintiff made crucial and strategic business decisions and investments, in reliance upon Defendants' promises and representations. *Id.* Alternate reinsurers were not approached at the NAII conference because Spencer Tucker represented that GE would renew in March. *See Affidavit of Daniel T. Hernandez.*

Further, Plaintiff procured software programs valued at $250,000.00 based on Spencer Tucker's assertions and support for plans to enter the non-standard auto market. *Id.* Plaintiff conformed its business plan to Defendants' commitments and requests. *Id.* Defendants then refused to renew the reinsurance agreement and to provide the level of reinsurance Spencer Tucker had promised. *Id.*

Spencer Tucker is not fraudulently joined because his participation in this action is absolutely requisite. *See Affidavit of Daniel T. Hernandez.* Spencer Tucker's fraudulent conduct caused a drastic cut in Plaintiff's market presence, required Plaintiff to continue business on a lower commission level, and caused Plaintiff to lose its wholesale status. *Id.* Moreover, the fraud cause of action against Spencer Tucker, individually, may be required to impose liability on a proper party to redress these injuries.

Acknowledging the stage at which current Plaintiff's counsel entered the litigation, Plaintiff hopes to be able to amend his petition to include a breach of contract and "course of performance" claim. However, if that opportunity does not become available, Plaintiff may still hold GE liable for these injuries, through agency principles in the fraud cause of action against Spencer Tucker, individually. The determinations of whether Spencer Tucker's conduct is fraudulent and whether that liability is imputable upon GE are not only questions for a later date, but certainly demonstrate "there is a possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." Remand is appropriate based on the fraud cause of action.

2. *There is a possibility that an Art. 21.21 cause of action can be established in state court against Spencer Tucker, individually.*

The Fifth Circuit has held a plaintiff's "tenuous" state cause of action to withstand a fraudulent joinder challenge. *Dodson* at 43-44 (citing *Green*)(quotations added) The *Dodson* decision holds that the possibility of establishing a cause of action "need only have a modicum of sturdiness" because only a possibility of recovery is looked for. *Dodson* at 43-44 (citing *Green*)(quotations added). Plaintiff's claims of fraud and Art. 21.21 violations against Spencer Tucker are stronger than tenuous and based on more

than a modicum of sturdiness.

Article 21.21 prohibits an insurance carrier from engaging in false, misleading and deceptive conduct. TEX. INS. CODE ANN. Article 21.21 (Vernon Supp. 2002). Defendants cite *Griggs* to support their claim of fraudulent joinder and to stand for the proposition that the liabilities Art. 21.21 imposes on an insurance carrier are not imputable on an individual insurance agent, therefore the possibility of recovery against Spencer Tucker, individually, is eliminated. S*ee Defendant's Opposition to Plaintiff's Motion to Remand*. Defendants are wrong. *Griggs* is factually distinguishable, and discusses two cases where an individual insurance agent was held individually liable for violations of Art. 21.21. *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).

In *Griggs*, a sports memorabilia collector sought damages from his insurer and his insurance agent. *Id.* The *Griggs*-plaintiff was repetitiously faulty in complying with the requisite conditions precedent for proper execution of his claim. *Id.* The *Griggs*-plaintiff countered by claiming that his insurance agent made representations that caused him to fail in meeting the conditions precedent and named the insurance agent a defendant under Art. 21.21. *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999)

The court in *Griggs* recognized two cases where an insurance agent was found individually liable under Art. 21.21. *Id.* (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998); *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App. – Austin 1991, no writ)). In *Garrision* and *Gros*, recovery was permitted under Art. 21.21 because the plaintiffs identified a particular representation which was casually connected to the damages sustained. *Id.* The *Griggs* court in then compared the alleged misrepresentations to the pleaded cause of action and

determined a "factual fit" did not exist between the two. *Id.* The Court determined that the claims were "more in the nature of non-actionable puffery than actionable representations of specific material fact." *Griggs* at 701.

Spencer Tucker's actions are of the kind discussed in *Garrision* and *Gros*, where liability was imposed on individual insurance agents for misrepresentation, and are distinguishable from the misrepresentations alleged in *Griggs*. In *Griggs*, the Court determined that the alleged misrepresentations amounted to no more than mere puffery and therefore were not causally connected to the damages sustained by the *Griggs*-plaintiff. *Id.* Spencer Tucker's representations regarding renewal are more than mere puffery and are casually connected to the damages sustained.

Plaintiff claims Spencer Tucker engaged in false, misleading and deceptive conduct in violation of Art. 21.21. After examining the relevant state law and resolving all uncertainties in favor of the plaintiff, a "possibility of recovery" is evident from Spencer Tucker's actions. First, Spencer Tucker made actionable misrepresentations regarding renewal. *See Affidavit of Daniel T. Hernandez.* Secondly, Spencer Tucker engaged in other conduct, not regarding renewal, discussed below, in violation of Art. 21.21.

Spencer Tucker represented GE's renewal position falsely, or with reckless disregard for the truth. *Id.* Spencer Tucker intended for Plaintiff to rely on his representations regarding the renewal of the reinsurance contract. *Id.* Plaintiff reasonably relied on Spencer Tucker's representations to its detriment. *Id.*

Additionally, through written and verbal communications, Defendants were notified of the injuries Plaintiff was suffering. *See Affidavit of Daniel T. Hernandez.*

Rather than rectifying the injury, Spencer Tucker began a vindictive and malicious campaign of harassment and interference with Plaintiff's business. *Id.* Spencer Tucker began wrongfully withholding claim relief payments, threatening Plaintiff and its policyholders with unnecessarily delayed payment of insurance claims and the threat of further damage through litigation. *Id.* These retaliatory actions constitute an independent basis for an Art. 21.21 violation.

Spencer Tucker's actions, when compared to the Art. 21.21 cause of action pleaded in the pre-removal petition, meet and surpass the "modicum of sturdiness" standard needed to survive a fraudulent joinder challenge. Remand is appropriate based on the Art. 21.21 cause of action.

## Conclusion

Plaintiff pre-removal petition alleges two surviving causes of action against Spencer Tucker, individually. The causes of action for fraud and Art. 21.21 violations are not time barred. Spencer Tucker has made an appearance in this suit. Defendant has failed in meeting her burden of proof. There is a possibility that Plaintiff will be able to establish a cause of action against the in-state defendant in state court. This court is divested of jurisdiction and remand is appropriate.

Respectfully submitted,

By:_____

David Patrick Willis III
Federal Bar Number: 36365
State Bar Number: 24039455
Begum, Tijerina & Willis, L.L.C.
880 Ridgewood Street, Suite 3
Brownsville, Texas 78520
Ph. 956-982-1800
Fax 956-982-8602

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above has been sent to each person listed below:

Ms. Roberta J. Sharp
Attorneyfor Defendants, GE Reinsurnace and Spencer Tucker
Akin Gump Strauss Hauer & Feld, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 4ᵗʰ day of March 2004..

David Willis,
Attorney for Plaintiff.

12

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS | § | |
| GENERAL AGENCY, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-108 |
| | § | |
| GE REINSURANCE CORPORATION | § | |
| ("GE") AND SPENCER TUCKER | § | |
| ("TUCKER") | § | |
|     Defendants. | § | |

**AFFIDAVIT OF DANIEL T. HERNANDEZ,
INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC.
DIRECTOR OF OPERATIONS**

On this 23rd day of February 2004, Daniel T. Hernandez appeared before the undersigned notary public and made the following affidavit:

"My name is Daniel T. Hernandez. I am over 18 years old and am competent to make this affidavit.

1. During the relevant time period, Spencer Tucker was GE's primary agent, representative and vice-principal for GE's reinsurance program. On or about March 1, 1999, GE agreed to provide reinsurance for some of International Underwriters General Agency's ("IUGA") insurance products and entered into formal written agreements with IUGA to do the same. The terms, conditions and commissions of the agreements were negotiated and their business relationship began.

2. In November 1999, GE sent a provisional notice of cancellation, which is standard in the industry, in order to allow ample time for the parties to either (i) re-negotiate a renewal or (ii) for IUGA to enter into an agreement with a new reinsurer. Soon after receipt of this notice, GE through Scott Garner, its primary agent at the time, orally agreed to renew the agreement for an additional year under the same terms and conditions. In reliance of such a promise, IUGA attended the annual NAII convention for reinsurers, but did not actively seek new reinsurer relationships.

3. The new agreement went into effect on March 1, 2000 and the parties formalized their second reinsurance agreement in writing a few months later.

Beginning in November of 2000, at the time the standard notice of cancellation was issued, GE and Spencer Tucker, the new head underwriter for GE, made various promises and representations to IUGA in regards to renewal, reinsurance for its non-resident programs, and reinsurance for its fledgling non-standard program. On November 29, 2000, IUGA received GE's Provisional Notice of Cancellation. Alternate reinsurers were not approached at the NAII conference because GE and Spencer Tucker had represented that GE would continue on IUGA's book of business at renewal in March 1, 2001.

4. On February 19, 2001, Spencer Tucker sent a letter rescinding GE's November 2000 notice of termination, and extending the reinsurance agreement to April 30, 2001. In early March 2001, the parties conducted a conference call with CPA Rodrigo Garcia regarding a forensic audit being conducted on the insistence of GE for the purposes of renewal. In May of 2001 GE granted IUGA "agent authority" under sister-corporate-insurer Underwriters MGA, Inc.'s ("UMGA") reinsurance treaty with GE while the forensic audit was pending completion. Relying on Spencer Tucker's representation regarding renewal and with "agent authority" under UMGA's treaty with GE, IUGA continued to produce new business for GE. GE continued to cede premiums to IUGA until the end of June 2001. The forensic accounting conducted on the insistence of GE and as a condition precedent for renewal was submitted in final form on June 28, 2001.

5. While renewal was pending, IUGA procured software programs valued at $250,000.00 based on GE and Spencer Tucker's support for plans to enter the non-standard auto market. After IUGA conformed its business plan to Spencer Tucker and GE's commitments and requests, GE refused to renew. Consequently, IUGA was unable to obtain alternative reinsurance coverage and was forced to write business through another managing general agency at a substantially lower commission level. Spencer Tucker's conduct caused IUGA to lose its wholesale status. IUGA was then relegated to a retail agent level despite supporting a base of over 600 agents. GE and Spencer Tucker's actions subsequently caused IUGA to lose identity and market presence due to the loss of name brand recognition, prestige, and its main competitive edge in the market place.

6. Through written and verbal communications, GE and Spencer Tucker were notified of the injuries IUGA sustained from GE refusal to honor its representation regarding renewal. GE and Spencer Tucker then began wrongfully withholding claims relief payments, threatening IUGA and its policyholders with unnecessarily delayed payment of insurance claims and the threat of further damage through litigation. Since the date GE and Spencer Tucker refused to renew, IUGA has been unable to procure a similar contract and has been unable to enter the non-standard auto market to this day.

"Further affiant sayeth not."

_Daniel T. Hernandez_

ALEXANDER BEGUM
Notary Public, State of Texas
My Commission Expires
January 13, 2008

Sworn to and subscribed before me on _02/08/04_.

NOTARY PUBLIC

# Exhibit "B"

# CHRISTOPHER LEE PHILLIPPE ⋄

## ATTORNEY AT LAW

⋄ROSTER OF NEUTRALS,
*AMERICAN ARBITRATION ASSOCIATION*
⋄ CERTIFICATED MEDIATOR
⋄CERTIFICATED FAMILY LAW MEDIATOR
⋄FELLOW, COLLEGE OF THE STATE BAR

307-3 MCFADDEN DRIVE
BROWNSVILLE, TEXAS 78520
(956) 544-6096
TELECOPIER: (956) 982-1921

E-mail: cphillippe@cameroncountylawyer.com
Website: www.cameroncountylawyer.com

## FACSIMILE COVER SHEET

### PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY:

| TO: | NAME: Umberto | | DATE: February 4, 2004 |
|---|---|---|---|
| | | | |
| | FAX: ~~(956) 544-9055~~ 982 - 8602 | | |
| RE | IUGA service of Spencer Tucker | | |
| | FROM:   Christopher Lee Phillippe | | |
| | NUMBER OF PAGES FOLLOWING COVER SHEET: | | 2 |
| | SENDER: Pat Gore | | |
| | ORIGINALS: | ☐ WILL FOLLOW | ▣ WILL NOT FOLLOW |

The information contained in this facsimile message is Attorney Privileged and Confidential information intended only for the use of the individual or entity named above. If the recipient of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (956) 544-6096 and return the original message to us at the above address via the U.S. Postal Service.

## RE: Spencer Tucker

## DECLARATION OF NOT FOUND
## (DUE AND DILIGENT SEARCH)

CASE# 2003052265C          Court # 197          FGN/CSE#

INTERNATIONAL UNDERWRITERS GENERAL AGENCY

VS.

GE REINSURANCE CORPORATION ("GE") ET. AL.

   I, _____, on the following dates, was over the age of 18 years; and was not a party to this action.

I, received a CITATION PLAINTIFF'S ORIGINAL  PETITION
on, May 6, 2003.      at 09:00:00 in Cause No. 2003052265C

And that after due and diligent effort listed below I have been unable to effect personal service upon: Tucker, Spencer (Tucker)

| DATE | TIME | ADDRESS / REASON FOR NON-SERVICE | PCP Ref# R0503  25 |
|------|------|-----------------------------------|---------------------|

05/13/2003  14:10      5400 Preston Oaks Road(1063) Dallas B/A TX 75240
  CALL CENTER FOUND NEW ADDRESS  AND GAVE TO SERVER
05/13/2003  14:10 PM   5400 Preston Oaks Road(1063) Dallas B/A TX 75240
  THIS IS A BAD ADDRESS. SUBJECT HAS MOVED OUT. CALL CENTER FOUND APARTMENT NUMBER, HOWEVER HE DOES NOT LIVE THERE ANY
  LONGER. CONT
05/24/2003  13:27      5021 Briar Tree Ln #3104 Dallas TX 75248-9857
  NO RESPONSE AT DOOR, LEFT DELIVERY NOTICE. THIS IS A GOOD ADDRESS FER THE NEIGHBOR-JULIA STAFFER
05/28/2003  21:03      5021 Briar Tree Ln #3104 Dallas TX 75248-9857
  NO RESPONSE AT DOOR, LEFT DELIVERY NOTICE.
06/07/2003   9:00 AM   5021 Briar Tree Ln #3104 Dallas TX 75248-9857
  NO RESPONSE AT DOOR, LEFT DELIVERY NOTICE.
06/09/2003  21.17      5021 Briar Tree Ln #3104 Dallas TX 75248-9857
  NO RESPONSE AT DOOR, LEFT DELIVERY NOTICE. LIGHTS ARE ON, BUT NO ONE WILL ANSWER DOOR-SERVER REQUESTS RULE 106

I, declare under penalty that the foregoing is true and correct.

                                        OR/I.D. # _____

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on the _____day of

_____ 2004.

                                        _____
Service Fee $_____                            Notary Public

Client : Phillippe, Christopher Lee
Fax # : (956) 982-192