

United States District Court
Southern District of Texas
FILED

MAR 2 4 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-108 |
| GE REINSURANCE CORPORATION AND SPENCER TUCKER, | § § § § | |
| Defendants. | § § § | |

---

**DEFENDANT GE REINSURANCE'S MOTION TO STRIKE PLAINTIFF'S
SECOND SUPPLEMENTAL MOTION FOR REMAND
and
RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND SUPPLEMENTAL
MOTION FOR REMAND**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff International Underwriters General Agency Incorporated's, ("IUGA"), Second

Supplemental Opposed Motion for Remand ("Plaintiff's Second Supplemental Motion")

attempts an end-run around the well established rule that this Court's jurisdiction is determined

on the basis of the pleadings at the time of removal. Plaintiff's third attempt to assert sufficient

allegations or claims to defeat this Court's jurisdiction should be stricken.[1]  Even if accepted for

filing at this late date, Plaintiff's Second Supplemental Motion provides no basis to defeat the

Court's diversity jurisdiction. Defendant GE Reinsurance Corporation ("GE Reinsurance") asks

---

[1]    GE Reinsurance incorporates by reference the arguments and authorities in its original Opposition to Plaintiff's Motion to Remand, which was filed on July 29, 2003 (See Docket Entry # 8) and its Opposition to Plaintiff's First Supplemental Motion to Remand, filed on February 17, 2004 (See Docket Entry # 27).

the Court to deny Plaintiff's motions to remand,[2] dismiss Spencer Tucker from this suit, and retain jurisdiction over this case.

## I.   PLAINTIFF'S SECOND SUPPLEMENTAL MOTION SHOULD BE STRICKEN

Plaintiff has taken seven months to retain counsel and respond to GE Reinsurance's June 2003 Notice of Removal. Plaintiff has not offered any justification for, or even requested, what amounts to a six-month extension of the deadline to file a motion to remand. [3]  In fact, at the initial pretrial conference, Plaintiff presented GE Reinsurance's counsel with its First Supplemental Opposed Motion to Remand. At no time did Plaintiff request a continuance of the hearing or additional time to respond to the removal. To the contrary, Plaintiff announced that Plaintiff was ready to argue the pending motions to remand.[4]

The existence of subject matter jurisdiction is a question answered by looking to the complaint as it existed at the time the petition for removal was filed. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980). Any "[p]ost post-removal developments [such as] amendment of pleadings . . . will not divest the court of jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d 1179,1181 (5th Cir. 1987); *see Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256,263 (5th Cir. 1995) (the plaintiffs could not rely on a post-removal affidavit to state a DTPA claim that was not in their petition). Plaintiff's Second Supplemental Motion is a thinly disguised end-run around this rule,

---

[2]    On March 15, 2004, this Court denied Plaintiff's initial Motion to Remand as moot (See Docket Entry #32). Only Plaintiff's First and Second Supplemental Motions to Remand remain for consideration.

[3]    Under section 1447(c) of the United States Code, a party opposing the Notice of Removal has thirty days to respond by filing a Motion to Remand. 28 U.S.C. § 1447(c).

[4]    Exhibit A, Transcript of the Initial Pretrial Hearing, at 4-6.

attempting to raise new facts and new legal theories of recovery against Spencer Tucker to shore up the defects in its Original Petition.[5]

At some point, the pleadings and allegations forming the basis of the Court's jurisdictional analysis must be fixed.   Under Plaintiff's approach, this Court's determination of its jurisdiction will never be laid to rest.   Accordingly, GE Reinsurance asks this Court to strike Plaintiff's Second Supplemental Motion to Remand.

## II.    PLAINTIFF'S LATEST SUPPLEMENTAL MOTION TO REMAND FAILS TO OVERCOME THE FRAUDULENT JOINDER OF SPENCER TUCKER

Even if permitted to offer new allegations and theories of recovery seven months after removal, Plaintiff's latest supplementation does not defeat this Court's jurisdiction.  Plaintiff's argument that Tucker "waived service" is a red herring, and Plaintiff's supplemental allegations still fail to state a viable cause of action against Tucker.

### A.    Plaintiff's Assertion that Spencer Tucker "Waived Service" Is Irrelevant to a Determination of this Court's Diversity Jurisdiction.

A non-diverse defendant named in the state court action may be disregarded if the removing defendant shows that the resident defendant was fraudulently or improperly joined. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).  Fraudulent joinder is established by showing either (1) that there was an actual fraud in the plaintiff's pleading of the jurisdictional facts *or* (2) that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Id.* (citations omitted).  A determination of fraudulent joinder is based on an analysis of causes of action alleged in the complaint at the time

---

[5]    Plaintiff offers an affidavit from Daniel T. Hernandez alleging that "Defendants" orally agreed to renew the agreement for an additional year under the same terms and conditions and because of this "oral agreement" it did not attend the Annual NAII convention. *See* Plaintiff's Second Supplemental Opposed Motion for Remand ("Plaintiff's Second Supplemental Motion") at 7; Affidavit of Daniel T. Hernandez ("Hernandez Affidavit"), attached as Exhibit A to Plaintiff's Second Supplemental Motion, ¶ 2.  Plaintiff also claims, for the first time, that its Article 21.21 claims are timely because it continued to conduct business with GE Reinsurance until the end of June 2001. Hernandez Affidavit, ¶ 4.

of removal. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116-117 (5th Cir. 1979). If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes. *See French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).

Tucker has not answered or entered an appearance in this case nor has Tucker waived service of process. Only GE Reinsurance has filed a responsive pleading.[6] Plaintiff's suggestion that Tucker somehow joined this answer and waived service of process in doing so is simply a mischaracterization of GE Reinsurance's pleading.[7]

More importantly, even if Tucker had entered an appearance or waived service of process, Plaintiff's argument would be misplaced. Plaintiff cites no authority for the proposition that a defendant who appears in state court may not then invoke his right to remove the case pursuant to 28 U.S.C. § 1441(a).[8] The question is not whether Tucker has appeared or waived service, but whether he was fraudulently joined in this suit to defeat diversity. He was.

**B.    Plaintiff's Petition (and Second Supplemental Motion to Remand) Fails To State A Viable Article 21.21 Cause of Action Against Spencer Tucker.**

Article 21.21 of the Texas Insurance Code sets forth acts defined as unfair methods of competition or unfair or deceptive acts. An individual agent may not be held liable under Article

---

[6]    See *Defendant's Motion to Transfer Venue, Original Answer (Subject to Motion to Transfer Venue), and Plea in Abatement (Subject to Motion to Transfer Venue)*. See Exhibit A to the Notice of Removal, which includes all of the state court pleadings, including Defendant GE Reinsurance's *Motion to Transfer Venue, Original Answer (Subject to Motion to Transfer Venue), and Plea in Abatement (Subject to Motion to Transfer Venue)*.(Docket Entry #1).

[7]    The only reference to Tucker in GE Reinsurance's Motion to Transfer Venue, is in the statement that venue is proper in Dallas County, Texas because that is where Tucker resides. The mere mention of Tucker in a pleading filed by a co-defendant does not constitute an appearance. In order to make a general appearance, a party must (1) invoke judgment of the court on a question other than jurisdiction; (2) recognize an action is properly pending before the court; and (3) seek affirmative action from the court. *Crystalix Group Int'l, Inc. v. Vitro Laser Group USA, Inc.*, No. 05-03-01280-CV, 2004 WL 292661, *1 (Tex. App.— 2004, no pet. hist.) (citing *Dawson-Austin v. Austin*, 968 S.W.3d 319, 322 (Tex. 1998)).

[8]    Had Tucker been served, GE Reinsurance would have obtained his consent to removal. A removing defendant need not obtain consent to removal of parties not yet served. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *see Jones v. Houston Indep. School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

21.21 unless he is shown to have engaged in prohibited conduct. *See Liberty Mut. Ins. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998) (emphasis added) (agent *may* be individually liable for misrepresentation of terms of an insurance policy upon which the insured relied). Plaintiff's Second Supplemental Motion does not begin to suggest which of the prohibited acts Tucker is alleged to have conducted.

Plaintiff must establish more than the generic possibility of a cause of action against an agent under state law. *Griggs*, 181 F.3d at 700. Plaintiff's conclusory allegations that "Defendants' conduct, described herein, constitutes multiple violations of the Texas Insurance Code," and "[t]hese violations include Article 21.21 which prohibit an insurance carrier from engaging in false, misleading and deceptive conduct"[9] are not enough to show the requisite factual fit between plaintiff's allegations and the pleaded theory of recovery. *Id.* (citing *Burden v. General Dynamics, Corp.*, 60 F.3d 213, 218-221 (5th Cir. 1995).

Plaintiff's Original Petition as well as its First and Second Supplemental Motions to Remand are devoid of any reference to actionable conduct by Tucker under Article 21.21. Plaintiff concedes that Tucker never misrepresented the terms of insurance policy and that this dispute centers on GE Reinsurance's decision not to renew a line of reinsurance to State National Insurance and State and County Mutual Fire Insurance Company.[10] Tucker did not sell insurance to Plaintiff, an insurance agency; in fact, Plaintiff has offered no authority for the proposition that a managing general agency, such as IUGA is the sort of entity sought to be protected by Article 21.21. Tucker did not misrepresent the terms of an insurance contract, nor does Plaintiff even allege that he did. *See* TEX. INS. CODE. ANN. article 21.21, § 4(11) (Vernon Supp. 2003). Plaintiff's new allegation, raised for the first time in the Second Supplemental

---

[9] See Plaintiff's Original Petition and Application for Injunctive Relief ("Original Petition"), at 5, ¶ 17.
[10] *See* Exhibit A, at 8-9.

Motion to Remand, that Tucker somehow "withheld claim relief payments" fails to state a viable theory of recovery under Article 21.21 because Plaintiff had no contract with Tucker, Tucker is not responsible for payment of claims, and Article 21.21 does not address an agency's right to claim payments.

Plaintiff has not identified a single act by Tucker that is actionable as unfair competition or an unfair practice under the Texas Insurance Code. *See* TEX. INS. CODE. ANN. article 21.21, §§ 4(1)-(11) (Vernon Supp. 2003). There is simply no factual fit between the allegations in Plaintiff's pleadings and any theory of recovery under Article 21.21. *See Griggs,* 181 F.3d at 701 (citing *Burden,* 60 F.3d at 216). Accordingly, Plaintiff cannot establish there is any possibility that it can recover under Article 21.21 for alleged misrepresentations made by Tucker.

### C.    The Statute of Limitations Bars Plaintiff's Article 21.21 Claim.

Even if Plaintiff had alleged a viable theory of recovery against Tucker, any claim under Article 21.21 would be time barred. The statute of limitations for bringing a claim under Article 21.21 is two years. TEX. INS. CODE. ANN. article 21.21, § 16(d) (Vernon Supp. 2003). Plaintiff's most recent motion to remand fails to offer any alleged conduct by Tucker within two years prior to filing suit.

Plaintiff's allegation that GE Reinsurance continued to conduct business with Plaintiff until the end of June 2001 is misplaced.[11] This allegation identifies no misrepresentation and no conduct by Tucker whatsoever.

In fact, according to Hernandez's Affidavit, Tucker's latest involvement was in March 2001. Hernandez's Affidavit alleges that Tucker's alleged misrepresentations regarding renewal began in November of 2000 and that in March 2001 the parties conducted a conference call to

---

[11]    Hernandez Affidavit, ¶4.

discuss the accounting issues relevant to renewal of the line of reinsurance.[12]  Based on these

dates, any misrepresentation by Tucker must have occurred at the latest in March 2001.  Any

complaints under Article 21.21 regarding Tucker's actions are now barred.  *See* TEX. INS. CODE.

ANN., article 21.21, § 16(d) (Vernon Supp. 2003).[13]

### D.    Plaintiff Has Failed to Allege a Viable Fraud Cause of Action Against Tucker.

To establish a prima facie case for fraud, Plaintiff must establish that (1) a material

representation was made; (2) it was false; (3) the speaker knew the statement was false or made

it recklessly without any knowledge of the truth and as a positive assertion; (4) the statement was

made with the intent that the party should act on it; (5) the party relied on the statement; and (6)

the party's reliance resulted in an injury.  *In re FirstMerit Bank, N.A.* 52 S.W.23d 749, 758 (Tex.

2001).

Plaintiff's pleadings are devoid of any specific allegations regarding what Tucker said,

when he said it, to whom, or any alleged reliance.[14]  Plaintiff's Original  Petition alleges that GE

Reinsurance, not Tucker, agreed to provide reinsurance for some of its insurance products, and

GE Reinsurance made various promises and representations to Plaintiff regarding the reinsurance

program and in reliance on those promises, it made crucial business decisions.   While these

allegations show Plaintiff believes GE Reinsurance made misrepresentations, there are no facts

in the Original Petition to support the contention that Tucker made any of these alleged promises.

---

[12]    *Id.*¶ ¶3-4.  These "facts" in Hernandez's affidavit are consistent with the "facts" previously set out in Plaintiff's Original Petition and the "facts" provided by Alejandro Villarreal Alba in his affidavit, which is attached to Plaintiff's Original Petition.  *See* Plaintiff's Original Petition at 2, ¶9; Affidavit of Alejandro Villarreal Alba, ¶4 (attached to Plaintiff's Original Petition).  Significantly, neither of these previous documents, submitted by Plaintiff, mention the June 2001 date nor attempt to allege that Tucker made misrepresentations in June 2001.

[13]    Plaintiff improperly refers the Court to the parties' Joint Case Management Plan as support for the claim that Tucker's alleged misrepresentations may have occurred as late as June 2001.  A joint case management plan does not constitute "summary judgment-type" evidence to be considered in support of a motion to remand.  *See Griggs,* 181 F.3d at 700.

[14]    Plaintiff's Original Petition, at 2, ¶9.

Plaintiff simply alleges that Tucker's alleged actions constituted fraud because "Defendants" knew the statements were false, they intended Plaintiff to rely on these statements, and Plaintiff relied on these statements to its detriment.   However, Plaintiff cannot rely on allegations against GE Reinsurance to show a viable cause of action against Tucker for fraud.   Tucker cannot be vicariously liable for any statements made by GE Reinsurance. *See e.g., Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96, 99 (Tex. 1994) (under vicarious liability theories, it is the principal who is liable for the actions of the agent).   Plaintiff's Original Petition fails to allege a time and place of Tucker's alleged fraudulent statement, fails to identify Tucker as a person who made a fraudulent statement, and fails to allege any facts to show that alleged statements by Tucker were relied upon by Plaintiff.

Similarly, Daniel T. Hernandez's Affidavit fails to supply the necessary allegations to show a viable fraud claim against Tucker.  Hernandez's Affidavit alleges that GE Reinsurance and Tucker allegedly misrepresented that GE Reinsurance would renew the line of insurance and that in reliance, Plaintiff procured expensive software programs and failed to approach alternative reinsurers.[15]  A promise to perform in the future is not fraud in the absence of a showing that the speaker had no intention of performing at the time it was made. *See Coffel v. Stryker Corp.,* 284 F.3d 625, 631(5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex. 1998)).[16]

---

[15]   Hernandez Affidavit, ¶¶4-5.

[16]   Plaintiff not only fails to state a viable claim for fraud under state law, its claim for fraud would likely not survive scrutiny under Federal Rule of Civil Procedure 9(b).  To state a claim for fraud in federal court, Plaintiff must state with particularity the circumstances constituting fraud. *Id.; Herrman Holdings, Ltd. v. Lucent Techs, Inc.,* 302 F.3d 552, 564 (5th Cir. 2002).  Specifically Rule 9(b) states: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).   In particular, when pleading the element of scienter, a plaintiff must "plead specific facts giving rise to the strong inference of scienter." *Nathenson v. Zonagen, Inc.,* 267 F.3d 400, 407 (5th Cir. 2001).  The skeletal facts set out in Plaintiff's Original Petition simply fail to support a fraud claim against Tucker under this stringent standard.

## III.  CONCLUSION

Plaintiff's Second Supplemental Opposed Motion to Remand should be stricken.  Even if considered, Plaintiff's Second Supplemental Motions to Remand should be denied because Plaintiff can establish no viable cause of action against Tucker under Article 21.21 or common law fraud.  Tucker's citizenship should be disregarded, he should be dismissed from this suit, and the Court should exercise diversity jurisdiction in this case.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD, LLP
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas 78205
Telephone:  (210) 281-7000
Telecopier:  (210) 224-2035

On behalf of
Robert Sharp

Attorney in Charge:
ROBERTA SHARP
State Bar No. 00788400
S.D. Tex. Bar No. 17556
RICK H. ROSENBLUM
State Bar No. 17276100
S.D. Tex. Bar No. 13015
NADA L. ISMAIL
State Bar No. 24036825
S.D. Tex. Bar No. 34907

ATTORNEYS FOR DEFENDANT
GE REINSURANCE CORPORATION

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 23, 2004, I conferred with counsel for Plaintiff, who indicated that Plaintiff is opposed to the relief sought in its Motion to Strike.

_____
NADA L. ISMAIL

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the counsel of record by *certified mail, return receipt requested*, on the 23rd March 2004:

Mr. David Patrick Willis, III
Mr. Humberto Tijerina, III
Begum, Tijerina & Willis, L.L.C.
880 Ridgewood Street, Suite 3
Brownsville, Texas 78520

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ
State Bar Number: 00797011
1201 E. Van Buren
Brownsville, Texas 78520

_____
NADA L. ISMAIL

# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                        BROWNSVILLE DIVISION

 3   _____
                             )
 4   INTERNATIONAL UNDERWRITERS )
     GENERAL AGENCY, INC.      )
 5                             )   CIVIL ACTION NO.
     VS.                       )   B-03-CV-108
 6                             )
     GE REINSURANCE CORPORATION, )
 7   GE Reinsurance Corporation )
     ("GE"), SPENCER TUCKER,    )
 8   ("TUCKER")                 )
     _____)
 9

10

11                     SCHEDULE CONFERENCE
             BEFORE THE HONORABLE HILDA G. TAGLE
12                      JANUARY 26, 2004
                           VOLUME 1
13

14   APPEARANCES:

15   For the Plaintiff:        MR. TREY MARTINEZ and
                               MR. DAVID WILLIS
16                             Law Office of Trey Martinez
                               1201 East Van Buren
17                             Brownsville, Texas  78520

18   For the Defendants:       MS. NADA ISMAEL
                               Akin Gump Strauss Hauer & Feld LLP
19                             300 Convent Street, Suite 1500
                               San Antonio, Texas  78205
20
     Transcribed by:           HEATHER HALL
21                             Official Court Reporter
                               600 East Harrison, Box 16
22                             Brownsville, Texas  78520

23
     Proceedings recorded by mechanical stenography, transcript
24   produced by computer.

25
```



1      THE COURT:  Okay.  03-CV-108, International

2  Underwriters General Agency, Inc. versus GE Reinsurance

3  Corporation, and, Counsel, please announce your name for the

4  record and whom you represent.

5      MR. MARTINEZ:  Your Honor, Trey Martinez and

6  David Willis on behalf of the plaintiffs.

7      MS. ISMAIL:  Nada Ismail on behalf of GE

8  Reinsurance.

9      THE COURT:  Okay.  Let's -- let me see.

10  Mr. Martinez, you're the -- you replaced Mr. Fisher?

11      MR. MARTINEZ:  That's correct, Judge.  It

12  seems that the original attorney on this case was

13  Mr. Christopher Phillippe.  It then went over to Mr. Fisher,

14  who apparently had a conflict.  We were then approached by

15  International Underwriters and were asked to at least step in

16  for this stage of the ball game, and we've agreed to do so

17  with an eye towards representing them in the future.

18      THE COURT:  What does that mean?

19      MR. MARTINEZ:  We have agreed to take on the

20  case; however, the owner of the company would still like to

21  sit down and speak with us after these hearings are completed

22  today.

23      THE COURT:  So you represent them for the

24  purpose of today's hearing?

25      MR. MARTINEZ:  Judge, I don't want to

1  misrepresent anything to the Court in the sense that -- we've

2  already spoken with the chief executive officer, but we have

3  not spoken with the owner of the company.  The chief

4  executive officer, Mr. Hernandez, has hired us; however, he

5  wants to get final approval from the owner of the company.  I

6  don't believe it'll be a problem given our firm and the fact

7  that Mr. Villarreal, the owner of the company, knows our firm

8  and is well acquainted with the work that we do.

9              THE COURT:  Okay.  I just want for you to be

10 apprised of the fact -- I guess you already know this -- that

11 Mr. Phillippe withdrew because of the difficulty in

12 communicating with the client so --

13             MR. MARTINEZ:  I was not aware of his

14 difficulty in communicating with the client.

15             THE COURT:  Well, you might want to look at

16 the motion to withdraw --

17             MR. MARTINEZ:  Okay.  I will do that, Judge.

18             THE COURT:  -- just to have a more complete

19 picture.

20             MR. MARTINEZ:  Thank you, Judge.

21             THE COURT:  All right.  And let me see.  Then

22 are you prepared to speak to the plaintiffs' procedural

23 postulate at this particular point in time?

24             MR. MARTINEZ:  Yes, Judge.  Would you like me

25 to address the motion to remand at this point?

1          THE COURT:  Yes.

2          MR. MARTINEZ:  Judge, with all due respect for

3    the Court, we were presented this case.  We understand that

4    the defendants in this case filed a removal.  Mr. Phillippe

5    then filed a remand.  We went over his remand, and

6    essentially filed a supplemental remand as of last Friday

7    basically setting out the law with regards to Article 2121

8    and how this law would apply to the individual agent in this

9    company.

10          The defendants in this case filed their removal based

11    upon fraudulent joinder.  The fraudulent joinder goes to

12    Mr. Spencer Tucker, which is one of the defendants in this

13    company.  And what I wanted to do was basically clarify to

14    the Court how Mr. Tucker can be held liable under Article

15    2121.  What I did is I made copies of Article 2121 --

16          THE COURT:  Well, I guess let me -- just

17    before you get the cart in front of the horse, the -- did you

18    file a motion for leave to supplement the motion to remand?

19          MR. MARTINEZ:  I did not.  We've been working

20    with another firm, Judge.  I did not file a motion for leave

21    to supplement for the remand.

22          THE COURT:  Okay.  Well --

23          MR. MARTINEZ:  At this point in time, I guess

24    I can make an oral motion for leave of the Court to file a

25    motion to remand -- or the supplemental motion to remand.

1          THE COURT:  Okay.  Because I don't know that

2     Ms. Ismail would be prepared to argue the merits given that

3     she has not received maybe or only recently received your

4     supplement.  So, Ms. Ismail, what says the defendant?

5          MS. ISMAIL:  Your Honor, we actually -- they

6     did not confer with us about the motion to leave or the

7     motion supplementing the motion itself, but I am prepared to

8     discuss the merits of the procedure if the Court is ready to

9     rule on this just because it's been so long.  And I

10    understand that --

11         THE COURT:  Why don't you come up to the

12    microphone.

13         MS. ISMAIL:  I'm sorry.  I understand that

14    it's been sitting on the Court's docket for quite a long

15    time, and I'm prepared to address any of the procedural

16    issues that Mr. Martinez raises today.

17         THE COURT:  All right.  So you're not opposing

18    his motion -- oral motion for leave to supplement the motion

19    to remand?

20         MS. ISMAIL:  I'm not opposing that.

21         THE COURT:  Then that motion's granted.  Now,

22    as far as the merits, are you wanting to -- you're not

23    wanting to -- for opportunity to respond to anything that

24    might be included in the supplement?

25         MS. ISMAIL:  I am prepared to respond.

1          THE COURT:  All right.  Then, Mr. Martinez,

2    you may address the Court.

3          MR. MARTINEZ:  Judge, if I may, this is just a

4    copy of Article 2121, which is the insurance code here in

5    Texas.  That is part of the actual pamphlet, which has been

6    attached to the back.  Mr. Spencer Tucker, in this case, is

7    essentially an employee and individual involved in the

8    business of insurance.  Under Article 2121, section two, it

9    basically sets out who can be liable under the insurance code

10   and under these violations.

11         Under section two, it says that, "A person shall mean

12   any individual, corporation, association, partnership, et

13   cetera, that is engaged in the business of insurance

14   including agents, brokers, adjusters and life insurance

15   counselors."  This is how Mr. Tucker is essentially brought

16   into this case.  It's my understanding that Mr. Tucker went

17   out and represented GE and different representations that was

18   made to the plaintiffs in this case.  The defendants relied

19   on Mr. Tucker's representations in going about their business

20   and putting money into their business based upon his

21   representations for GE.

22         In essence, Mr. Tucker -- and it's alleged in the

23   petition -- made fraudulent misrepresentations -- or

24   fraudulent representations as to what GE was going to do for

25   the plaintiff.  In their reliance, they basically were hurt

1 -- or they basically actually had detriment of reliance

2 because of the fact that Mr. Tucker himself made these

3 representations.  These representations were generally pled

4 in the original petition, and it basically went to generally

5 -- in Mr. Phillippe's petition -- violations of Article 2121.

6     Under Article 2121, under misrepresentation of

7 an insurance policy, if you look at section 11, it says that,

8 "Misrepresenting an insurance policy by:  One, failing to

9 state a material fact that is necessary to make other

10 statements may not... misleading considering the

11 circumstances under which the statements were read or making

12 a state in such a manner as to mislead a reasonably prudent

13 person to a false conclusion of the material fact."

14     THE COURT:  Okay.  Well, let me ask you

15 something.  It's my understanding that -- and from what

16 you're reading to me -- that 2121 is a situation where an

17 insured is suing an insurance company or an agent for the

18 insurance company as opposed to what I see this to be more of

19 a breach contract; that is, an agent who is -- or an agency

20 who did not get the promised lines of insurance that -- or

21 what he claims was promised to him -- promised to him in

22 order to be able to provide more policies for policy holders.

23     MR. MARTINEZ:  And this is what I think is

24 interesting about this case, Judge, in that we brought DTPA

25 allegations, in which case somebody needs to be a consumer of

1   goods or services, okay, and then we also brought violations

2   of the insurance code.  Now, under the insurance code, you

3   don't actually need to be a consumer of goods or services.

4   What the insurance code does is it essentially stops

5   insurance companies or anybody involved in the insurance

6   business from essentially making any kind of

7   misrepresentations, whether it be -- I think -- to any

8   insured, okay, or anybody that is in the business of

9   insurance.

10        Now, in this case, what happens is the plaintiff in

11   this case is a company out of Mexico and does business in the

12   United States, and what they do is they insure cars that are

13   coming in from Mexico into the United States.  Now, what GE

14   does for this insurance company is they go in and they

15   reinsure cars that are coming into the United States.

16   So basically the plaintiff and the defendant are both in the

17   business of insurance, okay, but the defendant is basically

18   reinsuring the plaintiff in the sense that if the plaintiff

19   has to pay money, then the defendant has got to pay money to

20   the point that they pay money, whatever the plaintiff cannot

21   insure.

22        THE COURT:  Tell me -- quote me the section of

23   the insurance code that gives the cause of action under these

24   facts.

25        MR. MARTINEZ:  Under 2121, exactly what I was

1　talking about, Judge, under section two, which is any

2　individual, including Spencer Tucker, involved in the

3　business of insurance, okay, and under section 11, which is

4　misrepresentation of an insurance policy, okay.  And what

5　Mr. Tucker -- or what the plaintiffs are alleging that

6　Mr. Tucker did is he misrepresented what this insurance

7　policy was going to be doing for the plaintiffs' insurance,

8　okay, in the sense that they were supposed to be reinsured

9　for up to a certain period of time, and they came in in the

10　middle of this and said, "No, we're not going to reinsure

11　these people anymore."

12　　　　　　　　THE COURT:  Okay.

13　　　　　　　　MR. MARTINEZ:  And I know it's confusing,

14　Judge.

15　　　　　　　　THE COURT:  No, it's not confusing to me, but

16　because -- basically when you're talking about it's not one

17　policy it is any number of policies, that basically would be

18　-- a line of insurance is like, "Okay, I'll -- we'll provide

19　coverage for comprehensive," or, "We'll provide coverage for,

20　you know, one particular type of insurance" -- yeah, one

21　particular type of insurance, and what the -- the complaint

22　is that GE made several promises that it would continue to

23　provide reinsurance for the policies underwritten by the

24　plaintiff; is that right?

25　　　　　　　　MR. MARTINEZ:  That's correct, Judge.

1        THE COURT:  And so to me what you're reading

2   sounds as if the complaint is, "We bought a policy from you,

3   and it does not have the coverage that you" --

4        MR. MARTINEZ:  "That you promised us."

5        THE COURT:  -- "represented it would provide"?

6        MR. MARTINEZ:  That's exactly right, Judge.

7   And one of the other things that we will be dealing with in

8   the future is obviously the breach of contract issue because

9   there will be an allegation of a breach of contract, and

10  there will also be basically individual claims against -- not

11  in violation of the insurance code, but just regular

12  common-law fraud against Spencer Tucker on behalf of GE -- as

13  a vice principal of GE.

14       So there's going to be a number of different ways as

15  how Spencer Tucker is basically a non-diverse defendant in

16  this case, and it's not just going to be under the insurance

17  code.  It's going to be under common-law fraud.  It's going

18  to be under breach of contract, and the fact that he made

19  representations to the plaintiff with the parent authority to

20  act on behalf of the plaintiff and with a special

21  relationship to the plaintiffs because Spencer Tucker was GE

22  to these plaintiffs in the sense that these -- it was those

23  misrepresentations, that breach that essentially led to them

24  -- led them to go ahead and file this cause of action.

25       THE COURT:  So it wasn't whether a certain

 1    policy had certain coverage.  It's whether he -- there was a

 2    follow-through on the type of insurance that they would

 3    reinsure -- I mean, the type of incidents that it would

 4    reinsure?

 5                     MR. MARTINEZ:  That's correct.  That's our

 6    position, Judge.

 7                     THE COURT:  All right.  Ms. Ismail?

 8                     MS. ISMAIL:  If I may, thank you, Your Honor.

 9                     THE COURT:  Am I pronouncing your name

10    correctly?

11                     MS. ISMAIL:  Yes, Your Honor.  I guess we

12    should start a little bit back from the beginning.  The

13    reason why we argue fraudulent joinder in this case is

14    basically the law stating that if there is no possibility of

15    recovering under a cause of action in a state court, then

16    this person -- they cannot recover against this person.

17    Number one, Spencer Tucker, to this day, has not been served,

18    and so under federal procedure his -- his citizenship or his

19    -- should be disregarded.  Number two, without going into the

20    merits of some of the -- some of the arguments he made --

21    Mr. Martinez made today, which for the first time we are

22    hearing, not just because of the supplemental motion but

23    because they simply aren't in the petition.

24           Under -- in the petition, in the first original

25    petition, under Texas -- the Texas -- Article 2121 section,

1   there is no mention of section two, and there are no specific

2   allegations about the actions Mr. Tucker allegedly made that

3   are in violation of Article 2121, and that is true also for

4   the fraud -- the fraud claims against Mr. Tucker.   The

5   plaintiffs simply state, "Defendants made misrepresentations

6   to IUGA which they knew were false or they were made with

7   disregard for the truth."   Under state and federal procedure,

8   those conclusionary allegations aren't sufficient to allege

9   fraud.

10          And, finally, I would like to draw the Court's

11   attention that several of the allegations against Mr. Tucker,

12   the statute of limitations have run.   The fraud claim is

13   still a live claim with a four-year statute of limitations,

14   but negligent misrepresentation, the defamation of business

15   disparagement, and the Article 2121 violations, we believe

16   the limitations have run on all of those claims.

17          THE COURT:  All right.  Mr. Martinez, I'll

18   allow you an opportunity to respond.

19          MR. MARTINEZ:  Very briefly, Judge.  I don't

20   think that the plaintiff is required to go ahead and

21   specifically allege the different actions as long as the

22   defendant here has notice as to what it is the plaintiffs are

23   alleging, and the plaintiff actually does allege in its

24   petition, "Defendants" rather than, "Defendant."  There's

25   only two defendants, so they're not alleging as to one.

13

1  We're alleging it as to both in this case.  With regards to

2  statute of limitations, we're going to have issues with the

3  statute of limitations because we believe that our petition

4  was filed on time.  In fact, even in the joint case

5  management plan, she sets out that the breach could have

6  occurred anywhere between March and June, okay.  If that's

7  the case, and this petition was filed on May 3rd, then there

8  is no statute of limitations problem.

9       I believe there is going to be one -- more than one

10  viable cause of action in this case, and even the one that

11  she basically announces as to fraud is a four-year statute,

12  and it still includes Spencer Tucker.  Therefore, even a

13  statute of limitations even applied to most of her causes of

14  action, it still wouldn't apply to the one that still

15  involves Spencer Tucker.

16          THE COURT:  All right.  Let me know a couple

17  more things.  Has there been -- I mean, what efforts, if any,

18  have been made to serve Spencer Tucker?

19          MR. MARTINEZ:  Judge, we are currently

20  investigating Spencer Tucker and where he is at right now.

21  The last address that we have from Mr. Phillippe is that he

22  is in Dallas.  What we would like to do is go ahead and get

23  this information from the defendants in the form of a request

24  for disclosure, and as soon as we get the information -- the

25  correct information for Mr. Tucker, he will be served

```
 1   forthwith.
 2              THE COURT:  Okay.  And, Ms. Ismail, is GE
 3   planning on filing a motion of dismiss?
 4              MS. ISMAIL:  The motion -- yes, Your Honor, as
 5   well as a motion to transfer venue.  In the -- our contracts
 6   that are issued, there are venue clauses -- mandatory venue
 7   clauses.
 8              THE COURT:  Okay.  Let me just find out
 9   timewise -- it has been some time now.  This is an early '03
10   case -- I mean, 2003, but let me -- there was something I was
11   going to ask one or both of you.  I'm inclined to deny the
12   motion to remand, Mr. Martinez.  You know, I just haven't
13   heard anything here that makes me believe that it would be
14   appropriate to remand under the pleadings that -- as they're
15   filed here and what I've been -- what has been represented to
16   me as far as the failure to serve Mr. Tucker.  But, you know,
17   if something happens that -- between now and the time there's
18   a motion to  dismiss filed in your response that would -- I
19   mean, you know, some time before then that makes me
20   reconsider that decision, I'll advise you.
21              MR. MARTINEZ:  May I address the Court very
22   briefly, Judge?
23              THE COURT:  Yes.
24              MR. MARTINEZ:  The only thing that I would
25   request is even at this point in time is any information that
```

1  the defendants may have -- because obviously they can't lay

2  behind the rock and not give us information to go ahead and

3  serve this defendant -- that that be provided to us within

4  the next, you know, five business days so that we can go

5  ahead and get Mr. Tucker served.

6          THE COURT:  All right.  Ms. Ismail, can you

7  tell me if there is a continuing business relationship

8  between GE Reinsurance and Spencer Tucker, whether here or

9  anywhere else?

10          MS. ISMAIL:  As far as I know, Mr. Tucker is

11  no longer with GE Reinsurance.

12          THE COURT:  All right.  But you'll confirm

13  that --

14          MS. ISMAIL:  I will confirm that.

15          THE COURT:  -- and get that information to

16  Mr. Martinez if there is a way to determine his current

17  residence or where he's doing business?  I would appreciate

18  it.

19          MS. ISMAIL:  Yes, Your Honor.

20          MR. MARTINEZ:  Judge, the only thing I would

21  point out for the record is with regards to the fact that

22  defendants have not in any way, shape or form failed -- in

23  any way, shape or form alleged that the plaintiff is going to

24  be prevented from recovering from Spencer Tucker.  And that

25  being the case here today -- because I don't think she can