UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-108 |
| GE REINSURANCE CORPORATION AND SPENCER TUCKER, | § § § § § | |
| Defendants. | § | |

### DEFENDANT GE REINSURANCE CORPORATION'S 12(B)(6) MOTION TO DISMISS SPENCER TUCKER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant GE Reinsurance Corporation ("GE Reinsurance") respectfully requests that Spencer Tucker be dismissed from this suit, with prejudice, as Plaintiff International Underwriters General Agency ("IUGA") has not stated a viable cause of action against him for which relief can be granted. In support of GE Reinsurance's request for dismissal, it would show the Court the following:

I.  PROCEDURAL BACKGROUND

1.   Plaintiff filed this action in state court on May 2, 2003. The underlying basis for Plaintiff's suit was GE Reinsurance's termination of a line of reinsurance to State National Insurance ("State National") and State and County Mutual Fire Insurance Company ("State and County").

2.  However, instead of asserting a breach of contract claim against GE Reinsurance, State National or State and County, Plaintiff asserted extra-contractual claims of fraud, negligent misrepresentation, breach of the duty of good faith and fair dealing, defamation, business disparagement, and violations of the Texas Insurance Code against GE Reinsurance and Spencer Tucker.

3.  GE Reinsurance filed a Notice of Removal on June 9, 2003, asserting this Court's diversity jurisdiction over the suit. GE Reinsurance maintains that diversity jurisdiction over this suit exists because Spencer Tucker ("Tucker") was fraudulently joined.

4.  On July 9, 2003, January 23, 2004, and March 4, 2004, Plaintiff filed Motions to Remand.[1]

5.  GE Reinsurance responded in opposition to Plaintiff's Motions to Remand on July 29, 2003, February 17, 2004, and March 24, 2004.[2]

6.  Consistent with its Notice of Removal and Responses in Opposition to Plaintiff's Motion to Remand, GE Reinsurance files this Motion to Dismiss on the grounds that no viable claims can be asserted against Tucker upon which relief can be granted.

## II.   ARGUMENT AND AUTHORITIES

**A.   Plaintiff's Original Petition Fails To State a Viable Cause of Action Against Spencer Tucker for Violations of Article 21.21, Negligent Misrepresentation, or Defamation/ Business Disparagement.**

7.  Article 21.21 of the Texas Insurance Code sets forth acts defined as unfair methods of competition or unfair or deceptive acts. *See* TEX. INS. CODE. ANN. article 21.21 §§4(1)-(11), (Vernon Supp. 2003). An individual agent may not be held liable under Article

---

[1] *See* Docket Entries #4, #24 and #31. The Court has since issued an Order mooting Plaintiff's original Motion to Abstain and Remand. *See* Docket Entry #32.
[2] *See* Docket Entries #8, # 27 and #34.

21.21 unless he is shown to have engaged in prohibited conduct. *See Liberty Mut. Ins. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). Neither Plaintiff's Original Petition nor its Motions to Remand begin to suggest which of the prohibited acts under Article 21.21 Tucker is alleged to have done.

8. To establish negligent misrepresentation, a plaintiff must show that 1) a defendant provided information in the course of his business; 2) the information supplied was false; 3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; 4) the plaintiff justifiably relied on the information; and 5) the plaintiff suffered damages proximately caused by the reliance. *Larsen v. Carlene Langford & Assocs. Inc.*, 41 S.W.3d 245, 249-50 (Tex. App.—Waco 2001, pet. denied). Neither Plaintiff's Original Petition nor its Motion to Remand describes the alleged negligent misrepresentation Tucker made to Plaintiff.

9. Plaintiff has not identified a single act by Tucker that is actionable as unfair competition or an unfair practice under the Texas Insurance Code or a single misrepresentation made by Tucker. *See* TEX. INS. CODE. ANN. article 21.21, §§4(1)-(11) (Vernon Supp. 2003); *see Larsen*, 41 S.W.3d at 249-50.

10. Plaintiff has alleged in a conclusory fashion that "Defendants' conduct, described herein, constitutes multiple violations of the Texas Insurance Code;" "[t]hese violations include Article 21.21 which prohibit an insurance carrier from engaging in false, misleading and deceptive conduct;" and "Defendants negligently misrepresented material facts to IUGA ... [that] IUGA justifiably relied on ... to IUGA's detriment."[3]

---

[3] *See* Plaintiff's Original Petition and Application for Injunctive Relief ("Original Petition") at 4, ¶14 and 5, ¶17.

11. To establish a viable cause of action against Tucker, Plaintiff must show more than a generic possibility of a cause of action against him under state law. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999). There is simply no factual fit between the allegations in Plaintiff's pleadings and any theory of recovery under Article 21.21 or negligent misrepresentation. *See Griggs,* 181 F.3d at 701 (citing *Burden v. General Dynamics, Corp.,* 60 F.3d 213, 216 (5th Cir. 1995). Accordingly, Plaintiff cannot establish there is any possibility of recovery under Article 21.21 or for alleged misrepresentations made by Tucker.

12. As for the defamation and business disparagement claims, the only reference in Plaintiff's entire petition is the paragraph describing GE Reinsurance's alleged campaign to defame and disparage Plaintiff's business. This paragraph, however, fails to reveal how, when, or where Tucker allegedly committed these acts, allegedly communicated, or allegedly published the actionable statements. There are simply no facts provided in Plaintiff's Original Petition to connect Tucker with the alleged wrongdoing except for the conclusory allegations that he is somehow responsible for the prohibited conduct. These generic allegations of Tucker's wrongdoing are insufficient to establish a viable cause of action against Tucker.

**B. The Statute of Limitations Bars Plaintiff's Article 21.21, Negligent Misrepresentation, and Defamation/Business Disparagement Claims.**

13. A claim for negligent misrepresentation or business disparagement must be brought within two years of the date the cause of action accrued. TEX. CIV. PRAC. REM. CODE §16.003(a) (Vernon 2002); *HECI Exploration Co. v Neel,* 982 S.W.2d 881, 885 (Tex. 1998) (stating that a two-year statute of limitations bars a claim for negligent misrepresentation). Similarly, any claim brought under the Texas Insurance Code must be filed within two years of the date the allegedly unfair act or practice occurred. TEX. INS. CODE ANN. article 21.21, §16(d)

(Vernon Supp. 2003). A claim for defamation has a one-year statute of limitations period. TEX. CIV. PRAC. REM. CODE §16.002 (Vernon 2002).

14.     By its own admission, Plaintiff's suit arises from GE Reinsurance's decision to terminate the line of reinsurance with State National and State and County.[4] Based on the skeletal facts asserted in Plaintiff's Original Petition, it appears that all of Plaintiff's complaints arise from the discussion regarding the renewal of the reinsurance contracts. These discussions began in November 2000 and continued in March 2001.[5] GE Reinsurance terminated the reinsurance contracts at issue by April 30, 2001. Plaintiff filed suit on May 2, 2003, more than two years after the contracts were terminated.

15.     It follows, therefore, that any possible claim of negligent misrepresentation, defamation, business disparagement, or violations of the Texas Insurance Code arose sometime in March 2001, and certainly before April 30, 2001. These claims are now barred, and there is no possibility of recovery against Tucker on these claims.

C.    **Plaintiff Has Failed to Allege a Viable Fraud Cause of Action Against Tucker.**

16.     To establish a prima facie case for fraud, Plaintiff must establish that (1) a material representation was made; (2) it was false; (3) the speaker knew the statement was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the statement was made with the intent that the party should act on it; (5) the party relied on the statement; and (6) the party's reliance resulted in an injury. *In re FirstMerit Bank, N.A.* 52 S.W.23d 749, 758 (Tex. 2001).

---

[4]   *See* Transcript of the Initial Pretrial Hearing, at 8-9, attached as Exhibit A to Defendant GE Reinsurance's Motion to Strike Plaintiff's Second Supplemental Motion for Remand and Response in Opposition to Plaintiff's Second Supplemental Motion for Remand (Docket Entry #34).
[5]   *See* Plaintiff's Original Petition at 2-3, ¶9.

17. Plaintiff's pleadings are devoid of any specific allegations regarding what Tucker said, when he said it, to whom, or any alleged reliance.[6] Plaintiff's Original Petition alleges that GE Reinsurance, not Tucker, agreed to provide reinsurance for some of its insurance products, and GE Reinsurance made various promises and representations to Plaintiff regarding the reinsurance program and in reliance on those promises, it made crucial business decisions.[7] There are no facts in the Original Petition to support the contention that Tucker made any of these alleged promises. Plaintiff simply alleges that Tucker's alleged actions constituted fraud because "Defendants" knew the statements were false, they intended Plaintiff to rely on these statements, and Plaintiff relied on these statements to its detriment.[8]

18. Plaintiff cannot rely on allegations against GE Reinsurance to show a viable cause of action against Tucker for fraud. Tucker cannot be vicariously liable for any statements made by GE Reinsurance. *See e.g., Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 99 (Tex. 1994) (under vicarious liability theories, it is the principal who is liable for the actions of the agent). Plaintiff's Original Petition fails to allege a time and place of Tucker's alleged fraudulent statement, fails to identify Tucker as a person who made a fraudulent statement, and fails to allege any facts to show that alleged statements by Tucker were relied upon by Plaintiff. Therefore, Plaintiff has failed to state a viable fraud claim against Tucker.

### III. CONCLUSION

19. Based on the foregoing, the reasons stated in GE Reinsurance's Notice of Removal, and GE Reinsurance's Responses in Opposition to Plaintiff's Motions to Remand, GE

---

[6] *Id.* at 2, ¶9.
[7] *Id.*
[8] *Id.* at 4, ¶13.

Reinsurance respectfully requests that Spencer Tucker be dismissed with prejudice from this suit.

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

_____
Attorney in Charge:
ROBERTA SHARP          *On behalf of*
State Bar No. 00788400  *Roberta Sharp*
S.D. Tex. Bar No. 17556
RICK H. ROSENBLUM
State Bar No. 17276100
S.D. Tex. Bar No. 13015
NADA L. ISMAIL
State Bar No. 24036825
S.D. Tex. Bar No. 34907

ATTORNEYS FOR DEFENDANT
GE REINSURANCE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the counsel of record by *certified mail, return receipt requested*, on the 21st July 2004:

Mr. David Patrick Willis, III
Mr. Humberto Tijerina, III
BEGUM, TIJERINA & WILLIS, L.L.C.
880 Ridgewood Street, Suite 3
Brownsville, Texas 78520

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ
State Bar Number: 00797011
1201 E. Van Buren
Brownsville, Texas 78520

_____
NADA L. ISMAIL