IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| INTERNATIONAL UNDERWRITERS GENERAL AGENCY, | § § | |
|---|---|---|
| PLAINTIFF, | § § § § | |
| v. | § | C.A. NO. B-03-108 |
| | § § § | |
| GE REINSURANCE CORPORATION ("GE") AND SPENCER TUCKER (TUCKER), | § § § § | |
| DEFENDANTS. | § | |

## ORDER

BE IT REMEMBERED that on September 29, 2004, the Court **GRANTED** Plaintiff's Motion for Leave to File Second Supplemental Motion to Remand [Dkt. No. 30], **GRANTED** Plaintiff's Supplemental Motions to Remand [Dkt. Nos. 24 & 31], **DENIED** Defendant's Motion to Strike Plaintiff's Second Supplemental Motion to Remand [Dkt. No. 34], and **DENIED as moot** Defendant's Motion to Dismiss [Dkt. No. 37].

### I. Factual and Procedural Background

Plaintiff filed this action on May 2, 2003, in the 197th Judicial District Court, Cameron County, Texas against Defendant GE Reinsurance Corporation ("GE") and Spencer Tucker, "GE's primary agent, representative, and vice-principal for GE's reinsurance program." GE's Notice of Removal, Ex. A (Pl's Original Petition, ¶8) [Dkt. No. 1]. Plaintiff alleged claims for fraud, negligent misrepresentation, breach of duty of good faith, defamation/business disparagement, and violations of Article 21.21 of the Texas Insurance Code. *Id.* ¶¶13-17; *see* Tex. Ins. Code Ann. Art. 21.21 (Vernon's 1981 & Supp. 2004). These claims are based upon the alleged wrongful failure of

Defendant to renew its reinsurance contract with Plaintiff.[1] Defendant GE removed the action to this Court on June 9, 2003, and alleged complete diversity existed because Plaintiff had fraudulently joined Spencer Tucker, an in-state defendant, in order to defeat diversity jurisdiction. It is undisputed that Plaintiff and Tucker are citizens of Texas. Because Plaintiff only argues in its motions to remand that complete diversity is lacking because Tucker is a citizen of the state of Texas, it appears the parties do not dispute that Defendant GE is incorporated in Illinois, and its principal place of business is not in Texas.

At the initial pretrial conference Plaintiff sought and received leave to file a First Supplemental Motion to Remand.[2] Before the Court ruled on the Supplemental Motion to Remand, Plaintiff filed an opposed Motion for Leave to File a Second Supplemental Motion to Remand. This Motion for Leave, as well as the First and Second Supplemental Motions to Remand are pending before this Court.

## II. Removal and Fraudulent Joinder

Generally, civil actions that may be brought in state court may be removed to a federal district court when that court would have had original jurisdiction over the controversy. *See* 28 U.S.C. § 1441. The Fifth Circuit has stated, "when faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999). In cases involving claims of fraudulent joinder, the Court should dismiss a fraudulently joined party from the suit if

---

[1] "A 'reinsurance' contract is an agreement where one insurance company, the reinsurer, agrees to indemnify another insurance company, the reinsured, either in whole or in part against loss or liability the latter may incur under a separate and original contract of insurance with a third party, the original insured. The reinsurer under such an agreement is liable only if the reinsured is liable, and only to the extent provided in the reinsurance agreement. The reinsurer may contract to assume liabilities on insurance policies, whether or not those claims have matured." 46A Tex. Jur. 3d Insurance Contracts and Coverage § 1155.

[2] The Court granted leave to file the Supplemental Motion to Remand because Plaintiff had recently acquired new representation. The Court allowed Plaintiff's counsel an opportunity to expand on the remand arguments presented in the original, but skeletal, motion to remand filed by Plaintiff's first counsel. Because the supplemental motion to remand supplanted the first motion to remand in all respects, the Court mooted the first motion.

the removing party can either establish the presence of outright fraud in the plaintiff's pleadings of jurisdictional facts or demonstrate the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Thus, the Court must determine whether there is a "'possibility that [Plaintiff] has set forth a valid cause of action.'" *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 648). The heavy burden of persuasion to prove fraudulent joinder rests with the party who makes such an allegation. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000); *see also McKee*, 358 F.3d at 337 ("We again take note that the burden of proving fraudulent joinder is a heavy one and unless it is clear that the non-diverse defendants have been fraudulently joined the case should be remanded to the state court from which it was removed.").

When disposing of fraudulent joinder claims, district courts may employ a similar, but distinct, procedure to that used to evaluate summary judgment evidence. *See McKee*, 358 F.3d at 334; *Travis*, 326 F.3d at 649; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). The courts, therefore, may resolve disputes by piercing the pleadings and reviewing evidence such as affidavits and deposition testimony. *See id.*; *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259, 263 (5th Cir. 1995). However, in a manner similar to the Rule 12(b)(6) motion to dismiss standard, all contested factual allegations and ambiguities in the status of controlling state substantive law must be resolved in favor of the nonmoving party. *See Sid Richardson*, 99 F.3d at 751; *see also McKee*, 358 F.3d at 334; *Travis*, 326 F.3d at 648-49. Although the Court may look outside the pleadings and consider affidavits and depositions, the Court may not pierce the pleadings "to the extent the material addresses new causes of action or theories not raised in the state court complaint." *Davila v. American Home Products Corp.*, 2004 WL 557176, at *2 (Feb. 3, 2004, W.D. Tex. 2004) (citing *Griggs*, 181 F.3d at 701). In making the above determinations, courts may not "pretry[ ] a case to determine removal jurisdiction." *Cavallini*, 44 F.3d at 263.

### A. Fraudulent Joinder Analysis

In its First Supplemental Motion to Remand, Plaintiff argued "Spencer Tucker is

a "person" engaged in the business of insurance, as defined under Texas Insurance Code Article 21.21, section 2. During the relevant time period Spencer Tucker was GE's primary agent, vice principal, representative and employee of GE's reinsurance program and therefore is liable for his actions." Pl's First Supplemental Motion to Remand, at p. 1 [Dkt. No. 24]. Plaintiff cited no law, nor did he include any analysis of fraudulent joinder in this supplemental motion. Among other arguments, Defendant responds that Plaintiff's original petition filed in state court did not allege Tucker is a "person" under section 2 of Article 21.21. Plaintiff's original petition did, however, allege violations of Article 21.21 of the Texas Insurance Code, although it did not explicitly cite section 2, and a claim against "Defendants" for common law fraud under Texas law. Both in the Initial Pretrial Conference as well as in subsequent pleadings, Plaintiff has attempted to clarify its original petition and focus on two claims against Tucker personally–a violation of Article 21.21 of the Texas Insurance Code and a common law fraud claim.

Defendant argues Plaintiff's attempt to show it has alleged violations under section 4(11)[3] of Article 21.21 must fail because this section requires that a person misrepresent an insurance *policy*, and Plaintiff's real dispute is Defendant's failure to renew its reinsurance contract with Plaintiff. Defendant asserts that Plaintiff's claim against Tucker under Article 21.21 of the Insurance Code must fail because this claim is barred by the statute of limitations.[4] Finally, Defendant argues Plaintiff fails to state a

---

[3] Plaintiff did not allege a claim under section 4(11) explicitly in its Original Petition. Plaintiff did, however, mention this particular provision of Article 21.21 of the Texas Insurance Code at the Initial Pretrial Conference.

[4] The parties also go back and forth concerning whether Spencer Tucker has been served. Plaintiff is seemingly under the impression that part of Defendant's fraudulent joinder argument rests on the fact that Tucker has not been served. See Pl's Second Supplemental Motion to Remand, at p. 2. Although the Court did not interpret Defendant's arguments this way, whether a non-diverse defendant has been served process is irrelevant in the Court's analysis of diversity jurisdiction. See *Zaini v. Shell Oil Co.*, 853 F.Supp. 960, 964 (S.D. Tex. 1994) (citing *Pullman v. Jenkins Co.*, 305 U.S. 534, 541 (1939)). "[F]or purposes of determining the existence of diversity jurisdiction, the relevant inquiry is . . . into the defendant's status as 'diverse' or 'non-diverse.'" *Id.* "[I]t would be inappropriate to disregard the citizenship of *non-diverse* defendants that have not been served with process, because, *ab initio*, complete diversity does not exist." *Id.* at 964 n.1 (emphasis in original). "Furthermore, although the diverse defendant may be prejudiced because

claim against Tucker for common law fraud.

### B. Possibility that Plaintiff Set Forth a Valid Cause of Action Against Tucker

At the outset, the Court notes that Plaintiffs likely do not have a viable cause of action against Tucker for breach of contract or breach of duty of good faith and fair dealing. Under Texas law, insurance agents (if Tucker can be considered such, *see infra*) and claims adjusters cannot be held liable for these causes of action without a contract giving rise to a "special relationship" with the insured. *See Griggs*, 181 F.3d at 700 (5th Cir. 1999); *Navidad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994). Defendant's Notice of Removal, the Original Petition, Plaintiff's affidavit, and Plaintiff's arguments in its Motions to Remand all demonstrate there is no possibility of recovery against Tucker for breach of contract or breach of duty of good faith and fair dealing because there is no allegation that a special relationship existed between Tucker and Plaintiff.

Texas law allows recovery against insurance agents and other individuals under Article 21.21 of the Texas Insurance Code. The Texas Supreme Court has held that any person "engaged in the business of insurance" can be held liable under this provision of the Insurance Code. *Liberty Mutual Insurance Co. v. Garrison Contactors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998). Other courts have held that insurance adjusters can be liable under Article 21.21 because they too engage in the business of insurance when they investigate, process, evaluate, approve, and deny insurance claims. *See Vargas v. State Farm Lloyds*, 216 F. Supp.2d 643, 648 (S.D. Tex. 2002). *See also Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840 (S.D. Tex. 2001). In addition, the language of Article 21.21 includes adjusters among the individuals defined as a person.

It is not at all clear that Plaintiff can maintain an action against either Spencer Tucker or GE Reinsurance under Article 21.21 of the Insurance Code. A reinsurance

---

the non-diverse defendant may not be served, 'it is always open to the [diverse] defendant to show that the [non-diverse] defendant has not been joined in good faith.'" *Id.* (citing *Pullman*, 305 U.S. at 541).

agreement may not indeed be a contract of insurance or a policy of insurance, and thus may not qualify as the basis for a misrepresentation of an insurance policy under Article 21.21(4)(11). *See Stradley v. Southwestern Life Insurance Co.*, 341 S.W.2d 195 198 (Tex. Civ. App. –Dallas 1960, writ ref'd n.r.e.) ("'Reinsurance contracts' are not policies of insurance, nor contracts of insurance, as that term is generally understood. The parties to such a contract are engaged in a kind of joint enterprise in [the] nature of copartnership, and do no insure property, but only engage to indemnify against liability upon policies or contracts issued to owners of property."); *see also Great Atlantic Life Ins. Co. v. Harris*, 723 S.W.2d 329 (Tex. App.–Austin 1987, writ dismissed w.o.j.).

The Court refrains from analyzing this claim to the extent that Plaintiff's claim against Tucker under Article 21.21 of the Insurance Code also requires an analysis of Plaintiff's claim against all Defendants–both GE and Spencer Tucker. *See Smallwood v. Illinois Central Railroad Co.*, 2004 WL 2047314, at * 4 (5th Cir. Sept. 10, 2004). The Fifth Circuit in *Smallwood* held:

> the burden on the removing party is to prove that the joinder of the in-state parties was improper–that is, to show that sham defendants were added to defeat jurisdiction. A showing that the plaintiff's case is barred as to all defendants is not sufficient. When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made.

*Id.* The Court must not focus on the merits of the action as an entirety, but to the fraudulent joinder allegations as they are directed toward the joinder. *See Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146 (1914). Thus, to the extent that Defendant's arguments concerning fraudulent joinder touch on the invalidity of claims relating to all defendants, the Court cannot base its fraudulent joinder analysis on such arguments.[5]

Regardless, however, of whether Plaintiff has a reasonable possibility of

---

[5]This determination applies to Defendant's arguments concerning statute of limitations bars because any determination on this issue would apply to all Defendants equally. Thus, the Court cannot decide Tucker is fraudulently joined because a claim under the Insurance Code is barred by the statute of limitations.

recovery against Tucker for violations of the Insurance Code, if Plaintiff has a reasonable basis of recovery against Tucker for common law fraud, this Court must remand the case because the existence of only one viable claim is enough to require remand. Under Texas law, the elements of common law fraud are: "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Plaintiff did not plead a fraud claim against Tucker specifically, but he did plead it against "Defendants." Alone, this would not suffice even under the "reasonable possibility of recovery" standard of fraudulent joinder. However, subsequent filings convince this Court there is a possibility of recovery.

    The Fifth Circuit has held that although the burden for demonstrating fraudulent joinder is a heavy one, the test is not whether, "a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "To the contrary, whether the plaintiff has stated a valid state cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Id.* (citing *Burden*, 60 F.3d at 218-22; *City of Alamo v. Casas*, 960 S.W.2d 240, 251-52 (Tex. App. –Corpus Christi 1997, writ denied)). Additionally, the Fifth Circuit has held time and again that in diversity removal analysis including fraudulent joinder, the Court may pierce the pleadings to determine whether "Plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant. . . " *Badon v. RJR Nabisco, Inc.*, 234 F.3d 382, 389-90 & n.10 (5th Cir. 2000) (holding such defendants would be fraudulently joined and thus their citizenship must be disregarded for jurisdictional purposes).

    Even though Defendant urges the Court to refer to only Plaintiff's original petition, the Court may take other evidence into consideration, such as the affidavit Plaintiff submitted with his Second Supplemental Motion to Remand. This is true where, as in this case, Plaintiff clarifies a claim made originally in a conclusory fashion,

but whose factual gaps are later supplemented. This kind of bolstering or added support to an original petition that is factually deficient is distinguished from asserting new causes of action, which is not permissible. *See Davila*, 2004 WL 557176, at *2 (citing *Griggs*, 181 F.3d at 701).

In light of the above standard, the Court will deny Defendant's Motion to Strike the affidavit because Plaintiff's affidavit does not add new causes of action, but rather elaborates on those already stated in its original petition.[6] Plaintiff's affidavit asserts that,

> [b]eginning in November of 2000, at the time the standard notice of cancellation was issued, GE and Spencer Tucker, the new head underwriter for GE, made various promises and representations to IUGA in regards to renewal, reinsurance for its non-resident programs, and reinsurance for its fledgling non-standard program. On November 29, 2000, IUGA received GE's Provisional Notice of Cancellation. Alternate reinsurers were not approached at the NAII conference because GE and Spencer Tucker had represented that GE would continue on IUGA's book of business at renewal in March 1, 2001.

Pl's Second Supplemental Motion to Remand, Ex. A, ¶ 3 (affidavit of Daniel T. Hernandez, IUGA's Director of Operations). GE later refused to renew the reinsurance programs. The affidavit further outlines the ways in which GE relied on Tucker's representations and elaborates on their loss of its wholesale status, loss of business identity, and loss of market presence. *See id.*

Based on Plaintiff's original petition alone, Plaintiff's claims did not allege facts that would support a fraud claim against Tucker personally. The allegations for both fraud and violations under the Texas Insurance Code only referenced "defendants" generically, and no factual allegations of personal conduct by Tucker were alleged.

---

[6] Defendant's Motion to Strike is based in part on the fact that Plaintiff took seven months to retain counsel and respond to GE's Notice of Removal. Plaintiff did file his original Motion to Remand within 30 days of GE's Notice of Removal. But, 28 U.S.C. § 1447(c), only imposes this 30-day deadline if the motion to remand is submitted "on the basis of any defect other than lack of subject-matter jurisdiction." This provision also states that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The issue of whether Tucker is fraudulently joined is aimed directly at this Court's subject matter jurisdiction. As a result, Plaintiff's motions are timely.

8

Since the filing of the original petition, however, Plaintiff has clarified his claims in supplemental motions and an affidavit. In evaluating the evidence and arguments presented, the Court must evaluate factual allegations and make conclusions in the light most favorable to Plaintiff, as the non-removing party. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 816 (5th Cir. 1993). Defendant GE points out in its response to Plaintiff's Second Supplemental Motion to Remand the ways in which Plaintiff's claim against Tucker would not survive a motion to dismiss under Rule 12(b)(6) or the heightened pleading requirement under Federal Rule of Civil Procedure 9(b) for a claim of fraud filed in federal court.

Although the standard for fraudulent joinder and Rule 12(b)(6) Motions to Dismiss are similar, it is very possible for a Plaintiff to state claims sufficient to overcome fraudulently joinder, but insufficient to overcome a motion to dismiss at the state level after remand or insufficient to overcome what would be the 12(b)(6) standard. *See, e.g., Steel Co. v. Citizens for a Better* Environment, 523 U.S. 83, 89 (1998) (reaffirming the distinction between dismissal for failing to state a claim and lack of subject matter jurisdiction, and stating it is "firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e. the courts' statutory or constitutional *power* to adjudicate the case."); *Batoff v. State Farm Ins.* Co., 977 F.2d 848, 852 (3d Cir. 1992) (holding that a complaint that fails to state a claim for relief does not involve the same analysis as a fraudulent joinder analysis because "the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder); *Brantley v. Vaughan*, 835 F.Supp. 258, 261-62 (D.S.C. 1993) (holding it would be improper for a district court to resolve a 12(b)(6) motion to dismiss before resolving a claim of fraudulent joinder). *C.f. Travis*, 326 F.3d at 648 (noting the standard for fraudulent joinder is broader because the court can "pierce the pleadings"). As a result, the affidavit Plaintiff attaches, although likely *not sufficient evidence to sustain a claim of fraud against Tucker*, alleges enough facts to overcome the fraudulent joinder "reasonable possibility of discovery" standard.

### III. Conclusion

In the Court's opinion, Plaintiff's Second Supplemental Motion to Remand, and the attached affidavit establish the barest reasonable possibility of recovery against Tucker personally for common law fraud. This decision is supported by the fact that a fraudulent joinder analysis is not a mini-trial, nor is the Court permitted to "pre-try" the case to determine removal jurisdiction. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990). The affidavit, although certainly not enough to establish liability, is enough to demonstrate the possibility of recovery because it states that Tucker made misrepresentations and promises to Plaintiff regarding the renewal of the reinsurance agreement, upon which Plaintiff later relied. In light of the affidavit, Defendant has presented no evidence that negates Plaintiff's common law fraud claim, enough to demonstrate there is no reasonable possibility of recovery under Texas law. Given the onerous standard upon the removing party to establish fraudulent joinder, and Defendant's failure to meet the standard by clear and convincing evidence, the Court determines Tucker is not fraudulently joined, and thus the Court lacks diversity jurisdiction. See Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648).

The Court **GRANTS** Plaintiff's Motion for Leave to File Second Supplemental Motion to Remand [Dkt. No. 30], **GRANTS** Plaintiff's Supplemental Motions to Remand [Dkt. Nos. 24 & 31], **DENIES** Defendant's Motion to Strike Plaintiff's Second Supplemental Motion to Remand [Dkt. No. 34], and **DENIES as moot** Defendant's Motion to Dismiss [Dkt. No. 37].

It is **ORDERED** that this case be **REMANDED** to the 197th Judicial District Court of Cameron County, Texas.

DONE this 29th day of January, 2004, at Brownsville Texas.

_____
Hilda G. Tagle
United States District Judge